THOMAS A. VICINO ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF WESTBROOK
(10645)

HEIMAN, FREEDMAN and CRETELLA, Js.

Argued May 7—decision released August 4, 1992

*Gerald S. Sack,* with whom, on the brief, was *Michael J. Lefebvre,* for the appellant (defendant).

*William A. Childress,* for the appellees (plaintiffs).

HEIMAN, J. The defendant Westbrook zoning board of appeals appeals from the trial court's judgment sustaining the plaintiffs' appeal from the denial by the zoning board of appeals of their application for a certificate of approval for the location of an automobile repair shop.

The defendant asserts that the trial court (1) incorrectly interpreted the statutory role of the zoning board of appeals in considering the plaintiffs' application and (2) improperly substituted its judgment for that of the zoning board of appeals. We affirm the trial court's judgment.

The following undisputed facts are necessary to resolve this appeal. The plaintiffs, Thomas A. and James A. Vicino, own a vacant parcel of land located on the Boston Post Road in Westbrook. This property is located in a district zoned for commercial use.[1] The construction of a building as a "public garage or automobile sales agency" is a permitted use in commercial districts in Westbrook. Westbrook Zoning Regulations, Article VIII, § 800 (6). A public garage is defined in the Westbrook zoning regulations as "[a] building, not a private garage, used for the repair, servicing, or storage of motor vehicles." Westbrook Zoning Regulations, Article I, § 101 (12).

On November 21, 1989, the plaintiffs filed an application with the Westbrook zoning commission for site plan approval for the proposed use of a public garage on their property. On April 9, 1990, the zoning commission granted the application unanimously, with the sole condition that the plaintiffs agree that there be no overnight parking or outside storage of vehicles.

On May 25, 1990, the plaintiffs filed an application with the zoning board of appeals for a certificate of approval for the location of a motor vehicle repair shop on their property. See General Statutes § 14-54.[2] The zoning board of appeals held a public hearing on the application on June 27, 1990.

At the hearing, the plaintiffs introduced expert testimony and documents regarding their proposed use

---

[1] A residential area that is in proximity to the site is located in the same commercial zoning district.

[2] General Statutes § 14-54 provides in pertinent part: "Any person who desires to obtain a license for dealing in or repairing motor vehicles shall first obtain and present to the commissioner a certificate of approval of the location for which such license is desired from the selectmen . . . wherein the business is located or is proposed to be located, except in any city or town having a zoning commission and a board of appeals, in which case such certificate shall be obtained from the board of appeals. . . ."

of the property. They offered expert testimony that the proposal would not create any adverse environmental impact, nuisance from dust, noise levels higher than conversational levels or excessive vibrations to the ground outside of the shop. Their expert concluded that there would be no negative impact on any of the abutting property owners. The plaintiffs also produced a letter from the department of transportation authorizing the issuance of a driveway permit. The plaintiffs then offered the testimony of a traffic engineer that the road at the proposed site is thirty feet wide with one travel lane in each direction, that the sight lines are safe and ample, that for the anticipated type of traffic the width and radii of the driveway are adequate and that the use of the site would generate only a small amount of additional traffic. He further testified that the nearest school is 900 to 1000 feet east of the site on the opposite side of the road, that the nearest church is over one-half mile away and that there are no theaters within one mile of the site. Two auto dealerships, one of which had gone out of business at the time of the hearing, were located across the street from the proposed site.[3]

At the hearing, local residents spoke in opposition to the application. Although they questioned the qualifications and credentials of the plaintiffs' experts, they did not introduce any expert testimony of their own.

On July 11, 1990, the zoning board of appeals announced its decision denying the plaintiffs' application. It based its denial on: (1) the disparity between the proposed use and the town's master plan of development; (2) the proximity of the site to a school; and (3) the proximity of the site to a densely populated residential area.

---

[3] The defendant earlier had granted approval for automotive uses for these businesses. They were granted on October 26, 1988, and December 27, 1989. The facilities are located on the same side of the street as the school.

The plaintiffs appealed the zoning board of appeals' decision to the Superior Court. On August 1, 1991, the trial court, finding that the denial of the plaintiffs' application was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, sustained the appeal and ordered that the plaintiffs' application be granted. This appeal followed.

I

The zoning board of appeals first claims that the trial court incorrectly interpreted the role of the zoning board of appeals under General Statutes §§ 14-54 and 14-55.[4] Specifically, it claims that the trial court equated a "permitted activity" under the Westbrook zoning regulations with the suitability of a proposed location under General Statutes § 14-55. We disagree.

When considering the plaintiffs' application for approval of a certificate of location for its motor vehicle repair facility, the zoning board of appeals acted as a special agent of the state. *Mason* v. *Board of Zoning Appeals,* 143 Conn. 634, 637, 124 A.2d 920 (1956); see also *New Haven College, Inc.* v. *Zoning Board of Appeals,* 154 Conn. 540, 542, 227 A.2d 427 (1967) (zoning board of appeals acts as a special agent of the state when considering a certificate of approval for location of a gasoline station under General Statutes § 14-322). When receiving, hearing and eventually deciding whether to grant the application, the zoning board of appeals does not act pursuant to either the municipal zoning ordinance or the zoning statutes. *Mason* v. *Board of Zoning Appeals,* supra. Thus, the zoning board of appeals does not act as the "voice of the people,"

---

[4] General Statutes § 14-55 provides in pertinent part: "No such certificate shall be issued until the application has been approved and such location has been found suitable for the business intended, with due consideration to its location in reference to schools, churches, theaters, traffic conditions, width of highway and effect on public travel. . . ."

as it claims. Rather, it acts in a special capacity, serving as the local agency "named by the General Assembly to determine whether a certificate of approval should be issued" for a motor vehicle repair facility. Id.

As an agent of the state, the zoning board of appeals must follow the statutory criteria in determining whether to issue the certificate of approval. Id. General Statutes § 14-55 sets forth the criteria to be followed by an agency when making its decision. The zoning board of appeals cannot grant a certificate until the application "has been approved and such location has been found suitable for the business intended, with due consideration to its location in reference to schools, churches, theaters, traffic conditions, width of highway, and effect on public travel. . . ." General Statutes § 14-55.

Because the zoning board of appeals acts as a special agent of the state in issuing certificates of approval, the trial court's scope of review of the zoning board of appeals' decision is governed by the Uniform Administrative Procedure Act, General Statutes § 4-183 (j) (5). See *New Haven College, Inc.* v. *Zoning Board of Appeals,* supra, 543–44. General Statutes § 4-183 (j) (5) mandates that the trial court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." An administrative agency can find that substantial evidence exists if "the administrative record affords a substantial basis of fact for which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) *Connecticut Building Wrecking Co.* v. *Carothers,* 218 Conn. 580, 601, 590

A.2d 447 (1991). Substantial evidence exists when the evidence is sufficient for a trial court to deny a directed verdict if the trial had been brought before a jury to decide a question of fact. *Lawrence* v. *Kozlowski,* 171 Conn. 705, 713, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977); *Tanner* v. *Conservation Commission,* 15 Conn. App. 336, 339, 544 A.2d 258 (1988).

The zoning board of appeals argues that the trial court apparently considered a permitted activity under the zoning regulations to be the same as a finding of suitability of the proposed location under General Statutes § 14-55. The zoning board of appeals misinterprets the trial court's decision. The trial court made only a passing reference to the fact that the plaintiffs' proposed use is a permitted activity in this district. The trial court, in its memorandum of decision, reviewed the evidence presented at the zoning board of appeals hearing, applied the appropriate standard of review and concluded that the appeal should be sustained.[5] The trial court's review and findings fully met the requirements of General Statutes § 4-183 (j) (5).

## II

The zoning board of appeals next claims that the trial court improperly substituted its judgment for that of the zoning board of appeals. We disagree.

When reviewing the trial court's decision, we seek to determine whether it comports with the Uniform

---

[5] The trial court stated in its memorandum of decision that there was a "total absence of any real evidence that this type of business was not suitable for this location. Although individuals opposed the application, their opposition appears to be based on their personal opinion of the suitability of this type of business in their neighborhood. It is impossible to determine what standards they used in forming their opinions. It should be noted once again that this is a *permitted* activity, within this particular zone and public opposition based on personal interest is not a stated criteria enumerated in General Statutes § 14-55 . . . ."

Administrative Procedure Act. *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986). We look to see if the court reviewing the administrative agency acted unreasonably, illegally, or in abuse of discretion. Id. We conclude that the trial court did not act in such a way. Rather, it properly determined that there was no reliable, probative, or substantial evidence on the record to justify denying the plaintiffs' application.

We already have noted that the trial court's scope of review is statutorily limited. See General Statutes § 4-183 (j) (5). Its function is not to retry the case or to substitute its judgment for that of the agency; *Connecticut Light & Power Co.* v. *Department of Public Utility Control,* 219 Conn. 51, 57, 591 A.2d 1231 (1991); but to determine whether the judgment is based on reliable, probative, and substantial evidence on the whole record. See General Statutes § 4-183 (j) (5).

The zoning board of appeals articulated three reasons for denying the application: (1) the project's being contrary to the town's master plan of development; (2) the proximity of the site to the school; and (3) the proximity of the site to a densely populated residential area. The trial court properly held that the first and third reasons were not relevant to the statutory criteria of suitability because neither is included in the statutory criteria to be considered by a zoning board of appeals in deciding whether to grant a certificate of approval for the location of a motor vehicle repair facility.

The trial court properly evaluated the substantial evidence test in regard to the statutory criteria of suitability dealing with the proximity of the site to schools. Unlike the two other reasons articulated by the zoning board of appeals, the proximity of a school to the

site is one of the statutory criteria that must be addressed in determining suitability of the site for the proposed use as a repair facility. Relying on *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 50, 484 A.2d 483 (1984), the zoning board of appeals claims that it was within the province of its members to use knowledge acquired by their personal observation of the site. Even if the zoning board of appeals is correct, however, it cannot prevail. A site's mere proximity to a school is insufficient to support a denial of an application for a certificate of approval. Rather, § 14-55 requires some evidence on which a zoning board of appeals reasonably may conclude that the proximity to a school impacts adversely on the site's suitability for the proposed use. Here, the record contains no evidence indicating that the proximity of the site to a school rendered the site unsuitable for use as an automobile repair facility. The zoning board of appeals was not entitled to rely on the site's proximity to a school as a basis for denying the application.

As a result, the trial court appropriately rejected each of the three reasons advanced by the zoning board of appeals in support of its denial of the plaintiffs' application and found no reliable, probative and substantial evidence on the whole of the record to support the defendant's decision.

The judgment is affirmed.

In this opinion the other judges concurred.