[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. State of the Case
The plaintiffs, James and Norine Fanning, appeal from a decision of the defendant North Haven Zoning Board of Appeals ("Board"), granting a certificate of approval of location to defendant Vincent Longobardi. The Board granted the certificate of approval pursuant to General Statutes 14-54 and 14-55. Also named as defendants are Vincent Longobardi, Peter Ney, Chairman of the Board and Elinor Peladino, Clerk of the Town of North Haven. It appears that the plaintiffs appeal pursuant to General Statutes 8-8. However, the proper statute to apply when appealing from the grant or denial of a certificate of approval of location under General Statutes 14-54 is General Statutes 4-183. Vicino v. Zoning Board of Appeals, 28 Conn. App. 500,505, 611 A.2d 444 (1992).
II. Procedural History
The Board's decision to grant the certificate of approval was mailed to Longobardi on December 26, 1991 as required by General Statutes 4-183(c). (Return of Record [ROR], Item 10.) The plaintiff served the Board and Ney by leaving papers at Ney's home. (Sheriff's Return.) The plaintiff served Peladino by leaving papers at the office of the town clerk. (Sheriff's Return.) The plaintiff served Longobardi by leaving papers at his home. (Sheriff's Return.)
Pursuant to Practice Book 84a, Longobardi moved to consolidate the present appeal with a pending appeal, Longobardi v. North Haven Zoning Board of Appeals, which was granted by the court.
The Board filed an answer and return of record on April 9, 1992. The appeal was heard by the court (Flanagan, J.) on September 10, 1993.
III. Facts
On December 2, 1991, Longobardi submitted an application for a certificate of approval of location, pursuant to North Haven Zoning Regulations ("Regulation") 6.3.6.4 and General Statutes 14-54 and 14.55 [14-55], to build a muffler shop at 104T Washington Avenue in North Haven, (ROR, Item 11, pgs 2-3). Longobardi is the owner of the subject property. (Plaintiff's complaint, para. 3, Defendant's Answer, para. 1). Longobardi CT Page 2817 had previously filed a similar application, which was denied on September 19, 1991. (ROR, Item 11, pgs. 2-3). The notice of public hearing on Longobardi's application appeared in the New Haven Register on December 5, and 12, 1991. (ROR Item 4.) The notice cited General Statutes 15-54 as the applicable statute. (ROR, Item 3.)
The public hearing was held on December 19, 1991. (ROR, Item 8.) At the hearing, Longobardi requested that the entire record from the September 19, 1991 hearing on his earlier application be incorporated into the December 19, 1991 hearing. (ROR, Item 11, pg. 3). Chairman Ney denied the request on the ground that the earlier hearing involved a separate application and the witnesses who testified during that hearing were not present to be questioned by the present board. (ROR, Item 11, pg. 3.) Longobardi presented evidence that the subject parcel had been unencumbered, which was the reason for the Board's denial of the previous application. (ROR, Item 11, pgs. 3-4.) Longobardi also presented evidence on the potential impact that the muffler shop would have on the traffic conditions in the area. (ROR, Item 11, pgs. 5-6).
The plaintiffs own two parcels of land, which abut the property that is the subject of the certificate of approval. (ROR, Item 2, and Item 11, pg. 10.) At the hearing, Norine Fanning stated that she was opposed to the granting of the application. (ROR, Item 11, pg. 10.) Ms. Fanning stated that she was "afraid of the noise element" and worried about the "aesthetics." (ROR, Item 11, pgs. 10-11.)
The Board granted the application on December 19, 1991, on the grounds that the muffler shop was a "traditional garage" and that it was an appropriate use for the parcel. (ROR, Item 8, pg. 13.) While the record does not include a copy of the approval letter that was sent to Longobardi on December 26, 1991, the record does include a letter from Nancy Wilson, Land Use Administrator, to the attorneys for the Board, which states that notice of the approval was mailed to Longobardi. (ROR, Item 10.) Notice of the Boards' decision was published in the New Haven Register on December 31, 1991. (ROR, Item 6.) The notice stated that Longobardi's application was filed pursuant to General Statutes 15-54, and that he was seeking a certificate of location for a general repairer's license. (ROR, Item 3, pg. 2.) CT Page 2818
The plaintiff's challenge the granting of the application on the grounds that the Board failed to consider the factors addressed in General Statutes 14-54 and Regulation 6.3.6.4; the Board failed to establish a hardship on the part of Longobardi; the public notice and the minutes of the Boards' approval incorrectly cited the relevant statute section as being General Statutes 15-54, when in reality, it was General Statutes14-54; and Longobardi failed to provide specific notice to Norine Fanning. (Amended Complaint pars. 11-12.)
IV. Jurisdiction
A. Aggrievement
The party bringing the appeal must show that she is aggrieved by the Board's decision. General Statutes 14-183(a) and 14-57; Light Rigging Co. v. Department of Public Utility Control,219 Conn. 168, 172, 592 A.2d 386 (1991). The party claiming aggrievement must demonstrate "a specific, personal, and legal interest in the subject matter of the decision, as opposed to a general interest shared by the community as a whole. Id., 173. Aggrievement is "established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations omitted.) State Medical Society v. Board of Examiners in Podiatry,203 Conn. 295, 300, 524 A.2d 636 (1987). Aggrievement is a jurisdictional question and the court may raise the issue of aggrievement even where the parties have not raised or discussed the issue. Winchester Woods Associations v. Planning and Zoning Commission of Madison, 219 Conn. 303, 307, 592 A.2d 953 (1991).
In the present case, the plaintiffs allege that they are aggrieved because they own land within 100 feet of the subject property, which is a statutory presumption of aggrievement General Statutes 8-8(a). This section, however, does not apply to appeals from the grant of an application under General Statutes 14-54. See, Vincino v. Zoning Board of Appeals,28 Conn. App. 500, 505, 611 A.2d 444 (1992). Therefore, the plaintiffs are not entitled to this statutory presumption of aggrievement. Nevertheless, since the parties do not dispute aggrievement, the court finds that the plaintiffs have sufficiently established aggrievement under the proper section General Statutes 4-183. The court finds that the plaintiffs' interests in the abutting property could be adversely affected by the Board's decision because of the nature of Longobardi's CT Page 2819 proposed business and its proximity to the plaintiff's property.
B. Timeliness of the Appeal and Service
A party bringing an appeal must file the appeal within 45 days after the mailing of the final decision. General Statutes4-183(c). In the present case, the Boards' final decision was mailed to Longobardi on December 26, 1991 and the plaintiffs filed their appeal on January 13, 1992, well within the 45 day time limit. Therefore the time limit for the appeal was satisfied.
The party filing the appeal must serve the defendant parties within 15 days after the filing of the appeal. General Statutes 4-183(d). The defendant parties in the present case were served on January 13, 1992 and, therefore, the plaintiffs met the service requirements.
C. Notice
1. Public Notice
Notice of the public hearing on an application for a certificate of approval must be published in a newspaper "at least twice, at intervals of not less than two days, the first not more than fifteen, nor less than ten days, and the last not less than two days before the date of such hearing. . . ." General Statutes 14-55. Notice of the Boards' decision must be published in a newspaper. Id. The "purpose of statutory public prehearing notice is fully and sufficiently to apprise the public of the proposed action, so as to enable intelligent preparation for participation in the hearing." R.B. Kent Son. Inc. v. Planning Commission, 21 Conn. App. 370, 378,573 A.2d 760 (1990). "Although the notice may not be misleading it need not be exact." Id. Where the notice sufficiently recites the purpose of the hearing, an incorrect citation does not render the notice inadequate. See, Dornfried v. Plainville Zoning Board of Appeals, 4 Conn. L. Rptr. 720, 721 (July 18, 1991, Aronson, J.).
In the present case, the Board published notice in the New Haven Register on December 5, and 12, 1991 and the hearing was held on December 19, 1991. The published notice incorrectly referenced General Statutes 15-54, instead of the proper section, 14-54. Nevertheless, the published notice did state CT Page 2820 that Longobardi was applying for a certificate of location to operate an automotive specialty shop. It is submitted therefore, that the notice sufficiently apprised the public of the nature of the hearing. Notice of the Board's decision to approve the certificate for location was published in the New Haven Register on December 31, 1991. The public notice requirements were satisfied in the present case.
2. Personal Notice
Notice of the Boards' decision must be sent to the applicant within 15 days after the decision is rendered. General Statutes 14-55. The Board notified Longobardi by mail of its decision on December 26, 1991. (ROR, Item 10.)
There is no statutory requirement that the applicant or the Board provide neighboring landowners with individual notice; however, the Board does impose such a requirement in its regulations. The plaintiffs argue that Ms. Fanning did not receive the required personal notice. It is found that even though Longobardi did not provide personal notice to Ms. Fanning, she did receive actual notice. Failure to give personal notice may be waived by the party entitled to it. Lauer v. Zoning Commission, 220 Conn. 455, 462, ___ A.2d ___ (1991). Although the plaintiff Norine Fanning, was not specifically notified, she appeared at the hearing and spoke in opposition to the application and, therefore, she waived her right to specific notice. The personal notice requirements were met in the present case.
D. Citation
Service pursuant to General Statutes 4-183(c)(2), which provides for service by an officer, requires a citation. Tolly v. Department of Human Resources, 225 Conn. 13, 20,621 A.2d 719 (1993). The defendant parties in the present case were served by a deputy sheriff for New Haven County and, therefore, a citation was required. It is found that the plaintiffs have complied with the requirements.
V. Standard of Review
Where the zoning board of appeals rules on a certificate of approval, it is acting as a special agent of the state, and the trial court's scope of review of the board's decision is CT Page 2821 governed by General Statutes 4-183(j)(5). Vincino v. Zoning Board of Appeals, 28 Conn. App. 500, 611 A.2d 444 (1992). In ruling on an appeal from an administrative agency, the court may not substitute its judgment for that of the agency as to questions of fact. General Statutes 4-183(j). The court must affirm the agency's decision unless the court finds that the agency's decision is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." General Statutes 4-183(j)(5). Substantial evidence exists if "the administrative record demonstrates `a substantial basis of fact for which the fact in issue can reasonably inferred. . . .'" (Citations omitted. ) Connecticut Light Power v. Department of Public Utility Control Et Al, 219 Conn. 51, 57,591 A.2d 1231 (1991). The findings of the agency should be upheld if supported by substantial and competent evidence. Miko v. Commission on Human Rights Opportunities, 220 Conn. 192,201, 596 A.2d 396 (1991). The burden of proving that the Board acted improperly rests with the plaintiff. Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654, 427 A.2d 1346 (1980).
VI. Discussion
The plaintiffs claim that the Board's approval of Longobardi's certificate of approval of location is invalid because the Board neither provided adequate notice, considered the factors required under General Statutes 14-55 and Regulations 6.3.6.4, nor established a hardship on the part of Longobardi. The Board argues that there was sufficient evidence to support its finding that the muffler shop was an appropriate use and that the notice was proper. Longobardi argues that the notice was sufficient and that hardship is irrelevant to certificates of approval of location. Longobardi argues also that the Board should have considered the evidence that was introduced in support off his previous application when considering the December 19, 1991 application. Longobardi argues that the evidence submitted at both of the hearings addressed all of the factors required under General Statutes14-55 and the zoning regulations.
A party who wishes to obtain a license for repairing vehicles must first obtain a certificate of approval for location from the board of zoning appeals. General Statutes14-54. The Board must consider the applicant's proposed use in relation to the proximity of "schools, churches, theaters, traffic conditions, width of highway and effect on public CT Page 2822 travel." General Statutes 14-55. Furthermore, the zoning regulations of North Haven require that the Board take into consideration the proximity of similar businesses, hospitals, libraries, post offices, and other buildings used for civic assembly. Town of North Haven Zoning Regulations 6.3.6.4. The zoning board is not required to report a formal "finding of facts upon which its action is based . . . unless the statutes specifically demand it." (Citations omitted.) Dubiel v. Zoning Board of Appeals, 147 Conn. 517, 520, 162 A.2d 711 (1960). Where the "board is acting pursuant to a statute . . . which requires a specific finding made after a consideration of enumerated factors, the minutes of the board should show that due consideration was given to those factors and that the conclusion reached was within the power of the board." Id., 522-23.
The record of the September 19, 1991 hearing is not part of of the record in the present case, and therefore, it cannot be relied on in determining whether the Board considered sufficient evidence at the December 19, 1991 hearing. General Statutes4-183(i). The transcript of the December 19, 1991 hearing reveals that the Board did not consider all of the factors mandated by General Statutes 14-55. Chairman Ney stated during the December 19, 1991 hearing that the Board had never "deliberated on the merits of [the] location as a garage." (ROR), Item 11, pg. 4.) The chairman added further "that [deliberation on the merits] was not proper to do until the parking spaces were unencumbered." (ROR, Item 11, pg. 4.) Longobardi submitted evidence that the parking spaces had been unencumbered and that traffic conditions would be improved by the proposed use. (ROR, Item 11, pgs. 304.) There was no other evidence introduced at the hearing on the suitability of the location for a muffler shop. (ROR, Item 11.) Therefore, since the record fails to establish that the Board considered the factors required of it under General Statutes 14-54, the appeal is sustained.
Robert C. Flanagan, Judge