[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These separate but related appeals were taken CT Page 7137 pursuant to General Statutes §§ 1-21i(d) and 4-183 by the plaintiff, Thomas J. Londregan, New London Director of Law, from two final decisions issued by the defendant, Freedom of Information Commission, ("FOIC" or "Commission") ordering the plaintiff to provide the defendant, Robert Fromer ("Fromer"), access to certain public records. The appeals were later consolidated for hearing before this court and will be treated together in this memorandum of decision.
 I
The factual and procedural backdrop is as follows.
By interdepartmental memorandum, dated January 29, 1992, Myron B. Bell ("Bell"), Director of Law for the City of New London, submitted a "report on litigation" to the New London City Council consisting of ten cases in which New London is a party litigant. Thereafter, defendant Fromer, a member of the public and a New London resident, requested from Bell "access to all public records and information constituting the case files listed" in said report. Specifically, [Fromer] wished to review legal briefs, bills, memoranda to the City Council and all other records that he is entitled to under the Freedom of Information Act [FOIA], contained in the case files." Bell denied Fromer's request and advised Fromer that disclosure of the requested information would violate the attorney-client privilege and the Lawyer's Code of Professional Conduct. Fromer then filed an appeal with the Commission in connection with this denial of his request. After Fromer's appeal Bell died; the plaintiff Director of Law is his successor.
The Commission held a hearing on July 7, 1992, and issued its final decision on February 24, 1993, in Docket No. FIC 92-71. The Commission "concluded that when acting in his capacity as New London's Director of Law, [the plaintiff] is himself a City Official and therefore a public agency within the meaning of [General Statutes § 1-18a(a)]." Accordingly the Commission "further concluded that [the plaintiff,] as head of New London's Department of Law, is responsible for keeping and maintaining the department's records, including the requested case files, as required by [General Statutes § 1-19(a)] . . . ." See final decision, February 24, 1993. The Commission exempted from disclosure, however, records pertaining to strategy or negotiations and records constituting privileged CT Page 7138 communications, in accordance with General Statutes §§ 1-19(b)(4) and 1-19(b)(10). Following its conclusions, the Commission issued this order: "The [plaintiff] shall forthwith provide [Fromer] with a copy of all records contained in the requested case files that are not exempt from disclosure by virtue of [General Statutes §§ 1-19(b)(4) and 1-19(b)(10)] . . . ."
On March 12, 1993, the plaintiff appealed to this court from the Commission's final decision regarding Docket No FIC 92-71 first appeal (Docket No 526105).[1] The plaintiff alleges that the Commission improperly found him to be a public agency and that the Commission's decision is "onerous, impractical and unworkable." The plaintiff further alleges that the Commission's decision is "in violation of constitutional provisions, affected by error of law, clearly erroneous and characterized by a clearly unwarranted exercise of discretion."
After the entry of the Commission's order in Docket No. FIC 92-71, Fromer again appealed to the Commission alleging that the plaintiff violated the FOIA because he failed to maintain New London's litigation files in a regular office or place of business. In addition to serving as New London's Director of Law, the plaintiff maintains a private law practice in the law firm of Conway, Londregan McNamara, P.C. The law firm has two offices located in New London, Connecticut and Mystic, Connecticut. The plaintiff maintains all of New London's files at his private law offices in the law firm and keeps no files at City Hall or other office open to the public. No pending litigation files are kept in a single repository by New London. Nor does it appear from the record that any single department of New London involved in litigation maintains a file for such litigation. Fromer claimed to the Commission that keeping New London's files at the plaintiff's private law offices is in violation of General Statutes § 1-19 and requested the Commission to order the plaintiff "to place all public records in the Office of the City Clerk that are either in his possession or in the possession of other attorneys."
The Commission held a hearing on July 9, 1993, and issued its final decision on November 10, 1993 in Docket No. FIC 93-55. The Commission took administrative notice of the record and its decision in Docket No. FIC 92-71.
The Commission concluded that the plaintiff, for CT Page 7139 purposes of this case, is a public agency under General Statutes § 1-18a(a). See its Final Decision, November 10, 1993. The Commission further concluded "that the [plaintiff] violated [General Statutes § 1-19(a)] when he failed to provide [Fromer] with prompt access to his place of business, where the public records of the New London Department of [L]aw are kept and maintained." Id. Following these conclusions, the Commission issued this order: "The [plaintiff] shall forthwith provide the complainant with access to his place of business where the public records of the New London Department of Law are kept and maintained . . . . Henceforth, the [plaintiff] shall strictly comply with the provisions of [General Statutes § 1-19(a)]." Id.
On January 3, 1994, the plaintiff filed the present appeal from the Commission's final decision in Docket No. FIC 93-55, to this court. (Second Appeal), Docket No. 529345). The plaintiff again claims that the Commission improperly found that he is a public agency and that the Commission's decision is "onerous, impractical and unworkable." He further claims that the Commission's decision is "in violation of constitutional provisions, affected by error of law, clearly erroneous and characterized by a clearly unwarranted exercise of discretion."
The defendant Fromer appeared pro se in both appeals; all parties filed memoranda of law and made oral argument.
On May 19, 1994, defendant Fromer filed a motion to dismiss the plaintiff's appeal of FIC Docket No. 93-55 for lack of subject matter jurisdiction. Fromer, in his motion and the Commission in its brief, argue that because the plaintiff has failed to meet his burden of showing aggrievement, the plaintiff's appeal should be dismissed.
 II
"Any party aggrieved by the decision of said commission may appeal therefrom, in accordance with the provisions of section 4-183." General Statutes § 1-21i(d). "It is well established that the right to appeal an administrative action is created by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction." New England Rehabilitation Hospital ofHartford, Inc. v. CHHC, 226 Conn. 105, 120 (1993), citing CT Page 7140Munhall v. Inland Wetlands Commission, 221 Conn. 46, 50 (1992). Such statutory provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Simko v. Zoning Board of Appeals, 206 Conn. 374, 377
(1988).
A. Aggrievement
"A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section." General Statutes § 4-183(a). It is clear that each of the Commission's decisions constitutes "a final decision" for purposes of General Statutes § 4-183(a).
"[I]n order to have standing to bring an administrative appeal, a person or entity must be aggrieved." (Citations omitted.) New England Rehabilitation Hospital ofHartford, Inc. v. CHHC, supra, 120; see Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307
(1991) (aggrievement must be found prior to considering the merits of an administrative appeal). "Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact." New England RehabilitationHospital of Hartford, Inc. v. CHHC, supra, 120, citing Olsen v.Inland Wetlands Commission, 6 Conn. App. 715, 718 (1986).
"In administrative appeals filed pursuant to § 1-21i(d), [our Supreme Court has] adopted a test for aggrievement that requires a plaintiff to show: (1) a specific personal and legal interest in the subject matter of the FOIC decision; and (2) a special and injurious effect on this specific interest." (Citations omitted; internal quotation marks omitted.) Kelly v. Freedom of Information Commission,221 Conn. 300, 308 (1992). Because this test is not intended to be formalistic and rigid, a plaintiff can establish aggrievement "if there is some possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Id., 308-09, quoting Rose v. Freedom of Information Commission,221 Conn. 217, 230 (1992).
The plaintiff alleges that he is aggrieved by the decisions of the Commission. The defendants argue that because CT Page 7141 the plaintiff has not demonstrated that he is aggrieved by the Commission's decision, his appeal should be dismissed.
A person to whom an agency order is directed is aggrieved. See Kelly v. Freedom of Information Commission, supra, 311. It therefore follows that because the Commission's orders are directed against the plaintiff, the plaintiff has a specific personal and legal interest in the subject matter of the Commission's decision. The plaintiff clearly has a direct interest in this matter that is distinct from the public as a whole. He therefore satisfies the first requirement of aggrievement. The Commission's order also requires the plaintiff to provide copies of the non-exempted records contained in the case files requested by defendant Fromer and to provide defendant Fromer with access to his private place of business. The plaintiff has to cull out from each litigation file the non-exempted records. He is subject to the continuing jurisdiction of the FOIA and faces possible sanctions in the future, as a result of its order directing him to "strictly comply with the provisions of § 1-19(a)".
Our Supreme Court stated, "As we have previously noted with approval, "(i)t must be borne in mind . . . that it has always been held that a professional man has standing to prevent the improper invasion of his profession" (Emphasis omitted.) Kelly v. Freedom of Information Commission, supra, 314.
The plaintiff, as Director of Law, clearly has a stake in contesting the issues raised by this case, and thus the FOIC's orders have a special and injurious effect on the plaintiff's specific interest. Accordingly, I conclude that the plaintiff is aggrieved.
B. Timeliness
 Within forty-five days after mailing of the final decision . . . a person appealing . . . shall serve a copy of the appeal on the agency that rendered the final decision at its office . . . and file the appeal with the clerk of the superior court . . . for the judicial district wherein the person appealing resides . . . . Within that time, the person appealing shall also serve a CT Page 7142 copy of the appeal on each party listed in the final decision . . .
General Statutes § 4-183(c). Notice of the Commission's final decision in Docket No. FIC 92-71 was issued on February 25, 1993, and the plaintiff served a copy of his appeal on the Commission and defendant Fromer on March 10, 1993. Notice of the Commission's final decision in Docket No. FIC 93-55 was issued on November 16, 1993, and the plaintiff served a copy of his appeal on the Commission on December 29, 1993, and defendant Fromer on December 20, 1993. The plaintiff's appeals of the Commission's decisions are timely.
 III
"The [Commission] is an administrative agency . . . ."Perkins v. Freedom of Information Commission, 228 Conn. 158,164 n. 9 (1993), citing General Statutes § 1-21j. "[J]udicial review of an administrative agency's action is governed by the Uniform Administrative Procedure Act; General Statutes § 4-166
et seq.; the scope of review is limited." Ottochian v. Freedomof Information Commission, 221 Conn. 393, 397 (1992), citingBoard of Education v. Freedom of Information Commission,208 Conn. 442, 452 (1988).
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
General Statutes § 4-183(j). "Accordingly, [this court] must decide, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or CT Page 7143 illegally, or abused its discretion." (Citation omitted.)Ottochian v. Freedom of Information Commission, supra, 397. Moreover, where "one of the stated reasons is sufficient to support the action of the commission, then that action should be sustained by the court." (Citations omitted.) New Haven v.Freedom of Information Commission, 205 Conn. 767, 778 (1988).
The function of a trial court "is not to retry the case or substitute its judgment for that of the agency . . . but to determine whether the judgment is based on reliable, probative, and substantial evidence on the whole record." (Citation omitted.) Vicino v. Zoning Board of Appeals, 28 Conn. App. 500,507 (1992), citing General Statutes § 4-183(j)(5). "`Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts.'" Id., quoting New Havenv. Freedom of Information Commission, supra, 774. "Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." (Citations omitted; internal quotation marks.) Perkins v. Freedom of InformationCommission, supra, 165.
 IV
"The Freedom of Information Act provides in General Statutes §§ 1-18a and 1-19 that any person has a right to inspect recorded material that is in the possession of a state agency and that relates to the conduct of the public's business." (Footnote omitted.) Kelley v. Bonney, 221 Conn. 549,577 (1992). "[I]t is well established that the general rule under the Freedom of Information Act is disclosure, and any exception to that rule will be narrowly construed in light of the `general policy of openness expressed in the FOIA legislation.'" Ottochian v. Freedom of Information Commission, supra, 398, quoting Board of Education v. Freedom ofInformation Commission, supra, 450.
The FOIA provides the following: "[e]xcept as otherwise provided . . ., all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of CT Page 7144 such records . . . ." General Statutes § 1-19(a). The Commission concluded that, when acting as the Director of Law, the plaintiff is a public agency, and as such, must keep and maintain all public files in accordance with General Statutes § 1-19(a).
 `Public agency' or `agency' means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, commission, authority or official of the state or of any city, town, borough, municipal corporation, school district, regional district or other district or other political subdivision of the state . . .
General Statutes § 1-18a(a). Consistent with the FOIA's general policy of openness, "a policy of liberal access to public records would necessarily be thwarted if `public agencies' were given a narrow construction . . . ." (Footnote omitted.) Board of Trustees v. Freedom of InformationCommission, 181 Conn. 544, 551 (1980).
 V
In determining whether an "entity falls within the definition set forth in § 1-18a(a), [our Supreme Court has] interpreted the section to include within its scope an entity that is the functional equivalent of a public agency."Connecticut Humane Society v. Freedom of InformationCommission, 218 Conn. 757, 760 (1991), citing Board of Trusteesv. Freedom of Information Commission, supra, 554-55. The "functional equivalent test" consists of the following criteria: "(1) whether the entity performs a governmental function; (2) the level of government funding; (3) the extent of government involvement or regulation; and (4) whether the entity was created by the government." (Citations omitted; footnote omitted; internal quotation marks omitted.)Connecticut Humane Society v. Freedom of InformationCommission, supra, 760. "[T]he determination of whether a hybrid public/private entity is a public agency subject to the FOIA requires a balanced case-by-case consideration of various factors . . . ." Id., 761., "All relevant factors are to be CT Page 7145 considered cumulatively, with no single factor being essential or conclusive." (Citations omitted; internal quotation marks omitted.) Id.
The plaintiff argues that he is not a public agency and because none of the four criteria apply, he is not the functional equivalent of a public agency. The defendants argue that the functional equivalent test is inapplicable to the present case because the Commission's final decisions are directed to the plaintiff only in his capacity as the Director of Law. Even if the plaintiff is not a public agency, the defendants argue nonetheless that when acting as the Director of Law, he is the functional equivalent of a public agency. The court agrees with the defendants that the plaintiff as New London's Director of Law is a public official, and thus a public agency, and that the functional equivalent test is inapposite.
The office of Director of Law is created by Article VII, Section 48, of the New London City Charter. That section creates a Department of Law and provides that the Director of Law shall be its head.
The Department of Law is ". . . any department . . . of any city . . . .;" and its Director of Law is any ". . . official of any city . . . ." squarely within the meaning of General Statutes § 1-19(a).
The plaintiff's reliance on the functional equivalence test is misplaced. At the outset, analysis of that test requires a hybrid public/private entity. See ConnecticutHumane Society v. Freedom of Information Commission, supra, and cases there cited. These cases generally deal with an entity which is owned privately, at least in part, and which receives public funds, or discharges a public function. See Board ofTrustees v. Freedom of Information Commission, supra; JudicialReview Council v. Freedom of Information Commission, 42 Conn. Sup. 129
(1992); Hallas v. Freedom of Information Commission,18 Conn. App. 291 (1989), cert. denied, 212 Conn. 804 (1989).
The plaintiff here is not a hybrid public/private entity. His capacities are distinct and distinctly treated. These appeals involve the plaintiff only in his capacity as the Director of Law rather than as a lawyer in private practice. The court agrees with the defendants that the functional CT Page 7146 equivalence test is inapposite.
The plaintiff heavily relies on Hallas v. Freedom ofInformation Commission, supra, in which the Appellate Court held that a private law firm acting in the capacity of a municipality's bond counsel was not a public agency. The court discussed the functional equivalence test and the criteria enunciated in Board of Trustees v. Freedom of InformationCommission, supra, and stated that as ". . . bond counsel do not operate under direct pervasive or continuous regulatory control, they do not constitute the functional equivalent of a public agency." Hallas v. Freedom of information Commission, supra, 296.
Hallas is distinguishable from this case. First, bond counsel's limited function as pointed out in Hallas is to provide an expert and objective legal opinion to be relied on by investors with respect to the validity of bonds issued by a municipality. Bond counsel is not an advocate for the municipality and does not perform a government function. What bond counsel does do, for the benefit of public investors, is to provide an independent opinion as to the legality of a bond issue.
Second, the plaintiff here fills a position created by New London's charter, that of Director of Law. In that capacity, as the charter provides,
 ". . . He shall be the head of the department of law and as such shall be the chief legal advisor of and attorney for the city and of all officers and departments thereof in matters relating to their official duties. When so requested he shall give advice in writing to the council, the city manager or any head of a department or office of the city upon a question of law involving their respective powers or duties. He shall prosecute or defend all suits for and in behalf of the city and shall prepare all contracts, surety bonds and instruments, in writing, in which the city is concerned, and endorse on each his approval of the form and correctness thereof. No such surety bond, contract or instrument shall CT Page 7147 become effective without such endorsement of the director of law thereon . . . ." New London City Charter, Article VII, Section 8.
It is clear from the charter that the plaintiff, as Director of Law, occupies an established office and performs a governmental function. He acts for and represents New London on an ongoing and continuous basis which is distinctly different from the function of bond counsel, which is both specialized and independent.
It is clear that the defendant is a city official and as such expressly comes within the definition of a public agency in § 1-18a(a). The conclusion of law reached by the Commission, that the plaintiff is a public agency when acting as the Director of Law, must stand, as I find that the Commission correctly applied the law to the facts found and its conclusion could reasonably and logically follow from such facts. See Vicino v. Zoning Board of Appeals, supra, 507; NewHaven v. Freedom of Information Commission, supra, 774. The Commission's order, that the plaintiff provide defendant Fromer with access to non-exempted portions of the records of cases in litigation, which are undisputedly public records, is in accordance with General Statutes § 1-19(a), and is not unreasonable, arbitrary, illegal, or in abuse of its discretion.
 VI
The plaintiff has advanced a number of additional arguments which require brief discussion.
A. EXEMPTIONS UNDER THE FOIA
The plaintiff next argues that because General Statutes §§ 1-19(b)(4) and 1-19(b)(10) exempt all communications privileged by the attorney/client relationship and all records pertaining to strategy and negotiations in connection with pending claims, all records pertaining to active litigation files are thus also exempt. The Commission's decision, however, exempts only such communications and records which are within the above statutory sections. It cannot be disputed that there was substantial evidence in the record to entitle the Commission to determine that the pending litigation CT Page 7148 files requested were public records. Although the plaintiff asserts that the practical effect of these exemptions is to prevent disclosure of the entire contents of all active litigation files, such a strained and narrow interpretation of the FOIA would frustrate the statute's general policy of disclosure, and as stated, it is the plaintiff's burden of proof to show exemption. This, he has not met. See Ottachianv. Freedom of Information Commission, supra, 398. As there was substantial evidence to support the Commission's order, the court cannot find that it is unreasonable, arbitrary, illegal or in abuse of its discretion.
B. THE ADMINISTRATION OF A PUBLIC AGENCY
The plaintiff further argues that because the FOIA only requires disclosure of public records concerning the administration of public agencies, the plaintiff need not disclose the requested pending litigation files. General Statutes § 1-19(a), however, requires that "all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly . . . ." As previously stated, the plaintiff is a public agency when acting in his capacity as Director of Law and the files maintained and kept by the plaintiff in connection with this capacity are public records subject to disclosure under the FOIA.
The plaintiff appears to rely on § 1-19b(a) to support his position. General Statutes § 1-19b(a) says, in relevant part: Sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 — 1-21k, inclusive, shall be: (1) Construed as requiring each public agency to open its records concerning the administration of such agency to public inspection . . . ." This statute formerly read: "Nothing in [the above sections] . . . inclusive, shall be (1) construed as preventing any public agency from opening its records concerning the administration of such agency to public inspection . . . ." 1979 Public Acts No. 79-118. It is clear that the 1979 amendment expanded disclosure to affirmatively include the public agency's is administrative records within the of category public records the agency must disclose pursuant to the FOIA. General Statutes § 1-19b(a) does not help the plaintiff, and this claim has no merit.
C. RULES OF DISCOVERY
CT Page 7149
The plaintiff argues that disclosure of the pending litigation files would violate the rules of discovery. The plaintiff, however, does not cite any authority for this proposition. It is evident that because the FOIA contains provisions to protect discovery practices, such as General Statutes § 1-19(b)(10), the Commission's decision did not violate the rules of discovery. The court therefore cannot find that the Commission's order is unreasonable, arbitrary, illegal or in abuse of its discretion.
D. REQUEST FOR SPECIFIC RECORDS
The plaintiff next argues that because defendant Fromer has not requested specific records that can be identified in the pending litigation files, the plaintiff's appeals should be sustained. Fromer requested "access to all public records and information constituting the case files listed" in Bell's interdepartmental letter. Because the FOIA provides any person with a right to inspect a public agency's public record, the Commission could find that defendant Fromer's request was sufficiently specific for purposes of the FOIA. This claim has no merit.
E. PLAINTIFF'S POSSESSION OF THE REQUESTED RECORDS
The plaintiff argues that because he is not in possession of all the files requested by defendant Fromer, he cannot be required to comply with the Commission's order. As stated above however, the FOIA provides any person with a right to inspect a public agency's public records. "`Public records or files' means any recorded data or information relating to the conduct of the public's business . . . whether such data or information be . . . photostated . . . or recorded by any other method." General Statutes § 1-18a(d). Because the FOIA requires disclosure, the court is not persuaded by the plaintiff's argument that he does not have actual, physical possession of the requested records, and therefore, need not produce them.
The client involved as the real party in interest in all of the requested litigation files is New London. It is well settled that clients are entitled to their files and papers upon payment or funding of security for outstanding fees. See Marsh, Day Calhoun v. Solomon, 204 Conn. 639
CT Page 7150 (1987). New London, therefore, perhaps with exceptions not applicable here, is entitled to possession of the files, or at least copies thereof, upon demand. Hence, as its Director of Law, the plaintiff has the right to obtain possession of said files.
The plaintiff cannot evade the plain mandate of the FOIA by "farming" the litigation files out to other counsel, as upon request, the plaintiff would be entitled to copies thereof. This claim is not persuasive.
 VII
"An administrative agency as a tribunal of limited jurisdiction, must act strictly within its statutory authority." Stern v. Medical Examining Board, 208 Conn. 492,498 (1988). The Commission reviews alleged violations of the FOIA and may issue orders pertaining to such violations. General, Statutes § 1-21j(d). The orders are for the purpose of providing relief appropriate to rectify a violation of the FOIA. General Statutes § 1-21i(b).
The FOIA prescribes that "[e]ach [public] agency shall keep and maintain all public records in its custody at its regular office or place of business in an accessible place . . . ." General Statutes § 1-19(a). Upon a determination that said agency has failed to comply with the FOIA, the Commission may order said agency "to provide relief that the commission, in its sound discretion, believes appropriate to rectify the denial of any right conferred by [General Statutes § 1-19(a)]." General Statutes § 1-21i(b)(2).
The Commission concluded that the plaintiff violated General Statutes § 1-19(a) by failing to provide defendant Fromer with prompt access to his private law office where the public records of the New London Department of Law are kept and maintained. (November 10, 1993 Final Decision). The Commission consequently ordered the plaintiff to provide defendant Fromer with access to his law office where the public records of the New London Department of Law are kept and maintained.
The Commission's authority for said order is not expressly stated in the FOIA. "Where the words of a statute fail to indicate clearly whether the provision applies in CT Page 7151 certain circumstances, . . . statutory interpretation is undertaken in light of the statute's purpose, its legislative history and the circumstances surrounding its enactment as well as its language." (Citations omitted.) Board of Trustees v.Freedom of Information Commission, supra, 550.
As previously stated, disclosure is the underlying policy of the FOIA and any exception thereto must be narrowly construed. See Ottochian v., Freedom of Information Commission, supra, 398. This policy of disclosure is exemplified by the requirement that a public agency keep and maintain all public records in its custody at its regular office or place of business in an accessible place. See General Statutes § 1-19(a). The record contains evidence that the plaintiff as an individual practitioner has an office or place of business. (July 8, 1993 Affidavit of Thomas J. Londregan). However, the record also shows that neither the Department of Law or its Director of Law has a regular office or place of business. It must be borne in mind that the plaintiff, as an individual, is a temporal occupant of the office of Director of Law, and as such, it is questionable whether future Directors of Law of New London would be bound by the Commission's order.
Moreover, there may be difficulties in the enforcement of such an order respecting private premises, such as dates and times of operation, copying, inspections, certification, ability to close the premises for vacations or other reasons, all of which may affect public access to the records, and be onerous to the plaintiff, in his individual capacity and as to the public.
Notably, the record is ambiguous as to who controls the plaintiff's law offices. In one portion of his affidavit he describes himself as an employee of his law firm. In another portion he refers to "my New London or Mystic office" See July 8, 1993 Affidavit of Thomas J. Londregan.
The Commission's order directing the plaintiff to provide Fromer with access to his place of business may very well affect the rights of the plaintiff's law firm, which was not a party to this case.
Although the Commission's discretion is wide, the court can find no substantial basis in the record permitting the Commission to order the plaintiff to allow public access to CT Page 7152 his private office to view the files and obtain copies, thus departing from the plain mandate of General Statutes § 1-19(a) which provides in relevant part: ". . . Each such agency shall keep and maintain all public records in its custody at its regular office or place of business in an accessible place and, if there is no such office or place of business, the public records pertaining to such agency shall be kept in the office of the clerk of the [City] . . . ." (Emphasis provided.)
In this case, the plaintiff's private office has not been shown to be the office of New London's Department of Law, nor of its Director of Law. The court concludes that the Commission exceeded its authority in ordering public access to a private place of business, and modifies the Commission's order to conform with the plain mandate of General Statutes § 1-19(a). Therefore, the plaintiff, as Director of Law, shall maintain the files which are the subject of this appeal, and such litigation or other files of New London which may be entrusted to him in the future, in the office of the town clerk of the City of New London, or in such other place which shall be in compliance with General Statutes § 1-19(a).
Accordingly, judgment may enter as follows: The first appeal, Docket No. 526105, is dismissed. The second appeal, Docket No. 529345, is sustained in part and the order of the defendant Commission is modified as above stated. The remaining order of the Commission is affirmed.
Teller, J.