[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 6, 1997
General Statutes § 14-54 requires that any person who desires to obtain a license for dealing in or repairing motor vehicles, apply to the zoning board of appeals in the town where the property is located. General Statutes § 14-55 provides a hearing procedure concerning such license applications and the criteria to be used in determining the suitability of the location for the business intended.
The Plaintiff brings this appeal from the Defendant East Haven Zoning Board of Appeals' (hereinafter "ZBA") decision denying its application for a motor vehicle dealer license for East Haven property upon which it has an option (Exhibits 1, 2, and 3). The Plaintiff is thus aggrieved. DiBonaventura v. ZoningBoard Appeals, 24 Conn. App. 369, 376 (1991).
Plaintiff is authorized to bring such an appeal pursuant to General Statutes §§ 14-57 and 4-183 of the Uniform Administrative Procedures Act (hereinafter "U.A.P.A."). The ZBA decision was made at the conclusion of the public hearing on November 21, 1996. The Plaintiff's appeal was timely filed on January 3, 1997. The answer and record were filed on January 21, 1997, the Plaintiff's brief on February 13, 1997, and the Defendant's brief on February 25, 1997. The parties were heard on evidence of aggrievement and argument on March 4, 1997.
When considering an application under § 14-54 the ZBA is acting "as a special agent of the state." Muss v. Board of ZoningAppeals, 143 Conn. 634, 637 (1956); Vicino v. Zoning Board ofAppeals, 28 Conn. App. 500, 504 (1992). "Because the zoning board of appeals acts as a special agent of the state in issuing certificates of approval, the trial court's scope of review of the zoning board of appeals' decision is governed by the Uniform Administrative Procedures Act, General Statutes § 4-183
(j)(5)." Vicino v. Zoning Board of Appeals, supra,28 Conn. App. at 505.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991). CT Page 2589
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
General Statutes § 14-55 requires that: "The reasons for granting or denying such application shall be stated by the board or official." Following a public hearing in which substantial evidence was admitted the ZBA voted after one board member stated in support of her negative vote:
I feel that with the interest . . . of the value of the CT Page 2590 area neighborhood, we should consider them a little more so than the applicant's request.
(R.T., p. 157.)
In the context of the hearing where many homeowners voiced their fear that the proposed facility would reduce their property values, the reason stated on the Record related to the impact on property values of the proposed use.[1]
This case is controlled by Vicino v. Zoning Board of Appeals,
supra, which held at 28 Conn. App. 505:
 As an agent of the state, the zoning board of appeals must follow the statutory criteria in determining whether to issue the certificate of approval. Id.
General Statutes § 14-55 sets forth the criteria to be followed by an agency when making its decision. The zoning board of appeals cannot grant a certificate until the application "has been approved and such location has been found suitable for the business intended, with due consideration to its location in reference to schools, churches, theaters, traffic conditions, width of highway, and effect on public travel . . ." General Statutes § 14-55.
In Vicino the ZBA articulated three reasons for denying the license: (1) it was contrary to the town's master plan of development, (2) proximity to a school, and (3) proximity to the site of a densely populated residential neighborhood. Vicino v.Zoning Board of Appeals, supra, 28 Conn. App. at 507.
The Appellate Court limited the ZBA to the specific General Statutes § 14-55 criteria holding:
 The trial court property held that the first and third reasons were not relevant to the statutory criteria of suitability because neither is included in the statutory criteria to be construed by a zoning board of appeals in deciding whether to grant a certificate of approval for the location of a motor vehicle repair facility.
Similarly, the effect on property values is irrelevant to the statutory criteria. The ZBA asks the court to glean the record to CT Page 2591 find substantial evidence of the impact on "traffic conditions." The limited scope of review for a trial court under the U.A.P.A. does not require such speculation or creativity in inventing a reason and finding the evidence to support it. Nor, does the U.A.P.A. require the trial court to refer the case back to the ZBA to make specific findings on each of the statutory criteria. Clearly, the implication from Vicino v. Zoning Board of Appeals,supra, is that the failure of the ZBA to state a statutory ground for denial of an application, means that the ground did not exist on the record.[2]
The Plaintiff was prejudiced pursuant to General Statutes § 4-183(j) because the ZBA acted in excess of its statutory authority, in violation of statutory authority and abused its discretion in denying the application for an improper reason.
General Statutes § 4-183 (k) authorizes the trial court upon sustaining an appeal to authorize action required by law. The ZBA has failed to find a statutory reason for denial of the license application. In reviewing the record the substantial evidence reveals that the subject property is in an industrial park served by a four lane state highway. The property is not in close proximity to schools, churches or theaters. The traffic flow to the property would only incrementally effect the existing entrance road and would be alleviated by the planned industrial park access road (Exhibit 2).
The appeal is sustained. The ZBA is ordered to issue a license to the Plaintiff in accordance with its application.
McWEENY, J.