[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Edward and Doris Kowalkowski have appealed from a decision of the Danbury Zoning Board of Appeals (hereafter "Board") denying their applications for certificates of approval for two separate used car dealer's and repairer's licenses for businesses to be located at a particular site. The applications were made in accordance with § 14-54 of the General Statutes, which controls and regulates motor vehicle sales and repair facilities, and requires an applicant to first obtain a certificate of approval of the location from a local authority. The appellants CT Page 4440 assert that the Board acted illegally, arbitrarily and in abuse of its discretion, and without any factual or legal basis. Edward Kowalkowski, Jr., currently leases the property from its owner, Doris, who is his mother. He operates a car repair facility on the premises known as Boston Garage. The business has existed at this location since 1969 under a single license originally issued to Edward Kowalkowski, Sr., now deceased. Kowalkowski, Jr., wishes to split the business into two separate entities, both of which would require a separate license, but has no plans to expand the site or the scope of the business.
As the owner and lessee of the property for which the application was sought, and as applicants for a certificate of approval that was denied, the Kowalkowskis have a specific, personal and legal interest which has been specifically and injuriously affected by the decision. United Cable TelephoneServices v. Department of Public Utility Control, 235 Conn. 334,343 (1995). They are, therefore, aggrieved parties, and the appeal is timely.
"When considering the plaintiffs' application for approval of a certificate of location for its motor vehicle repair facility, the zoning board of appeals act[s] as a special agent of the state. . . . When receiving, hearing and eventually deciding whether to grant the application, the zoning board of appeals does not act pursuant to either the municipal zoning ordinance or the zoning statutes. . . . Because the zoning board of appeals acts as a special agent of the state in issuing certificates of approval, the trial court's scope of review of the zoning board of appeals' decision is governed by the Uniform Administrative Procedure Act, General Statutes 4-183 (j)(5)." Vicino v. ZoningBoard of Appeals, 28 Conn. App. 500, 504-505 (1992).
Section 14-55 of the General Statutes requires the Board to state its reasons for granting or denying the application. The basis of the Board's decision or reason offered was that although the property was cleaned up as the Board had previously suggested, the conditions haven't changed and this location cannot accommodate two businesses. "As an agent of the state, the zoning board of appeals must follow the statutory criteria in determining whether to issue the certificate of approval."Vicino v. Zoning Board of Appeal, supra.
Section 14-55 recites that "[n]o such certificate shall be issued until . . . such location has been found suitable for the CT Page 4441 business intended, with due consideration to its location in reference to schools, churches, theaters, traffic conditions, width of highway and effect on public travel." "The . . . [respondent] could legally go no further than to apply the test incorporated in the statute. It was authorized, and therefore obligated, to issue the certificate of approval to the plaintiff if the `location' was found `suitable.' This meant that, under the statute, the . . . [respondent Board] was to give or refuse to give its approval of a geographical site and not, for example, its approval of the manner in which a previous owner may have conducted a repair business thereon." Mason v. Board of ZoningAppeals, 143 Conn. 634, 638 (1956). The record discloses that the evidence submitted to the Board dealt exclusively with "the history of the location."[1] The complaints submitted were all concerned with the Kowalkowskis' conduct of the business in that they continuously left cars parked in the street and outside the confines of their fence, in violation of the stipulation placed on the original certificate of approval issued in 1969.
The clear indication is that the refusal to issue the certificate was due to the manner in which the business has been conducted in the past, and skepticism that the owner would continue to keep the surrounding area clean of parked cars. Since the Board based its decision on a factor unrelated to the suitability of the site for this type of business, "it utilized a test which it had no right to employ. . . ." Mason v. Board ofZoning Appeals, supra, 638.
This court can find no reliable, probative and substantial evidence on the entire record to support the Board's decision. See § 4-183 (j)(5) of the General Statutes. The appeal is, accordingly, sustained.
Moraghan, J.