New Haven College, Inc. *v.* Zoning Board of Appeals of the City of West Haven et al.

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued November 2, 1966—decided February 28, 1967

*Anthony I. Wells,* for the appellant (defendant Joan Apter), with whom, on the brief, was *John W. Kline,* for the appellant (named defendant).

*George R. Tiernan,* for the appellee (plaintiff).

Ryan, J.  On June 30, 1964, the defendant Mrs. Joan H. Apter applied to the defendant zoning board of appeals for a certificate of approval for a gasoline station and for a limited repairer's license

for premises located at 1224 Campbell Avenue, in West Haven. The area is zoned for business, and gasoline stations are permitted under the zoning regulations. The property is triangular in shape, bounded easterly by Campbell Avenue, 297.87 feet, westerly by Orange Avenue (U.S. route 1), 402.11 feet, southerly by an old highway, 205.02 feet, and northerly by the intersection of Orange and Campbell Avenues, 26.08 feet. It was proposed that the station be constructed fronting on Campbell Avenue with the only means of vehicular entrance and exit consisting of two driveways, each fifty feet wide, opening on Campbell Avenue. A retaining wall, with a fence, would prevent ingress or egress on the Orange Avenue side. Across the street from the Apter property, on the easterly side of Campbell Avenue, there are a large gasoline service station, a linoleum shop, a grocery store, a coffee shop, a billiard parlor, a barber shop, a beauty parlor, and other small business establishments. The Forest Theater and the Forest School are located northwesterly of the property in question. The old highway, which is the southerly boundary of the Apter property, is the northerly boundary of the New Haven College. The defendant board conducted a public hearing on the Apter application and approved the location for a service station and for a limited repairer's license.[1] There was no opposition to the application at the public hearing.

The plaintiff appealed from the decision of the board to the Court of Common Pleas. The defendants admitted that the plaintiff is aggrieved, and

---

[1] See General Statutes §§ 14-51—14-55. Since none of the parties has mentioned the application for a limited repairer's license in brief or argument, it is not discussed in this opinion.

the court so found. Although no oral testimony was taken, the court viewed the location and thereafter rendered judgment sustaining the plaintiff's appeal. Mrs. Apter requested the trial court to make a finding of facts, which the court declined to do on the ground that the case was decided on the record before the board and no additional testimony was introduced. Mrs. Apter made an additional request for a finding "in view of the fact that the Trial Court viewed the location of the proposed gasoline service station involved and the results of such viewing are the same as in any other form of evidence taken before the Trial Court." The court then made a limited finding with respect to which Mrs. Apter assigns error in the failure of the court to include therein certain facts stated in the draft finding which were claimed to be admitted or undisputed. These facts are excerpts from exhibits which are part of the record before the court. There is no requirement that the court make the additional findings requested, and it committed no error in failing to do so. No other assignment of error has been addressed, by either of the other parties, to the limited finding.

"In determining the suitability of a proposed location for a gasoline station and whether or not it will issue a certificate of approval, the zoning board of appeals is acting as a special statutory agent of the state under §§ 14-321 and 14-322 of the General Statutes. *McDermott* v. *Zoning Board of Appeals,* 150 Conn. 510, 511, 191 A.2d 551; *Dubiel* v. *Zoning Board of Appeals,* 147 Conn. 517, 520, 162 A.2d 711. Its decision should indicate that due consideration had been given to the two basic requirements which an applicant must prove to justify the approval of a location for the sale of

gasoline. The first is the suitability of the proposed location in view of the proximity of schools, churches, theaters, or other places of public gatherings, intersecting streets, traffic conditions, width of the highway and the effect of public travel. The second is that the use of the proposed location will not imperil the safety of the public. General Statutes § 14-322; *Dubiel* v. *Zoning Board of Appeals,* supra, 521." *Socony Mobil Oil Co.* v. *Zoning Board of Appeals,* 153 Conn. 257, 259, 216 A.2d 201. The language of the statute is explicit in stating what the board is to consider when it acts on an application. *Dubiel* v. *Zoning Board of Appeals, supra,* 520.

The defendant board, in granting the application of Mrs. Apter, stated that the "location was suitable for a service station with due consideration for the public welfare, traffic, safety and convenience." Despite the proximity of the New Haven College, the Forest Theater and the Forest School, which the court, in its limited finding, found to be in the area, there is nothing in the minutes of the board, or elsewhere in the record, to indicate that the board took them into its consideration in any respect. The statute expressly requires that due consideration be given to the proximity of schools, theaters and other places of public gatherings. Here we are concerned with a decision "under a statute which requires a specific finding by the zoning board of appeals, an administrative body, acting in a special capacity. Our purpose is not to exalt technicality, but rather to facilitate judicial review, to assure a more careful administrative consideration, and to keep the administrative agency within the bounds of its functions and powers." *Dubiel* v. *Zoning Board of Appeals,* supra, 523. It was the duty of the

trial court on appeal to review the action of the board and decide whether the board abused the discretion granted to it by the statutes. It is true that the court could not substitute its opinion for the discretion given the board. But there is nothing in the record to indicate that the board considered all of the various factors which the statute required it to consider. Nowhere in the record does it appear that the board derived knowledge as to these factors, either through the reception of evidence or by personal observation or in any other manner. It follows that the conclusion of the court that the appeal should be sustained cannot be disturbed.

There is no error.

In this opinion the other judges concurred.