ANTONIO FERREIRA *v.* ZONING BOARD OF
APPEALS OF THE CITY OF SHELTON
(AC 16932)

Lavery, Spear and Hennessy, Js.

Argued January 27—officially released May 5, 1998

*Thomas J. Welch*, with whom, on the brief, was *John H. Welch, Jr.*, for the appellant (defendant).

*William J. Ryan, Jr.*, for the appellee (plaintiff).

*Opinion*

HENNESSY, J. The defendant zoning board of appeals of the city of Shelton (board) appeals from the trial court's judgment sustaining the plaintiff's appeal from the board's denial of his application for a certificate of approval for the location of a used car dealership and the trial court's granting, sua sponte, a zoning variance to the plaintiff. The board claims that the judgment should be reversed because the trial court improperly (1) substituted its judgment for that of the board when it found that the proposed use of the site as a used car dealership complied with General Statutes § 14-55, and (2) granted a variance sua sponte when the only relief requested on appeal was the issuance of a certificate of approval for the location pursuant to General Statutes § 14-54. We reverse the judgment of the trial court.

The following facts are necessary to resolve this appeal. On July 18, 1996, the plaintiff, Antonio Ferreira, applied to the board for a certificate of approval to operate a used car dealership at 78 Bridgeport Avenue in Shelton pursuant to General Statutes § 14-53.[1] The proposed location is adjacent to a restaurant, and

---

[1] General Statutes § 14-53 provides in relevant part: "Location of business to be approved. No place of business for the sale of new motor vehicles or used motor vehicles or for repairing shall be established or maintained unless the person establishing or maintaining such place of business has procured from the commissioner a certificate stating that, in the opinion of said commissioner, the location of such place of business would not imperil the safety of the public. The commissioner may revoke any such certificate whenever, in his opinion, such place of business will, by reason of its location, imperil the safety of the public. . . ."

across the street from an ice cream parlor and a medical office. In accordance with § 14-55,[2] the board gave notice of a public hearing on the application.

On August 20, 1996, the plaintiff attended the regular meeting and public hearing of the board. The following information was presented. In 1959, the proposed location was approved and licensed as a car sales place. The location had not been used for that purpose for several years, during which time, according to board member Matthew Gallo and based on his observations, the conditions on Bridgeport Avenue had changed considerably.

During the hearing, the board inquired concerning both the current and proposed uses of the property, with particular attention to the percentage of space utilized, available frontage area and the impact on traffic. The plaintiff testified that he planned to display

[2] General Statutes § 14-55 provides in relevant part: "Hearing. In any town, city or borough the local authorities referred to in section 14-54 shall, upon receipt of an application for a certificate of approval referred to in said section, assign the same for hearing within sixty-five days of the receipt of such application. Notice of the . . . hearing shall be published . . . . All decisions on such certificate of approval shall be rendered within sixty-five days of such hearing. . . . The reasons for granting or denying such application shall be stated by the board or official. Notice of the decision shall be published in a newspaper having a general circulation in such town, city or borough and sent by certified mail to the applicant within fifteen days after such decision has been rendered. Such applicant shall pay a fee of ten dollars, together with the costs of publication and expenses of such hearing, to the treasurer of such town, city or borough. No such certificate shall be issued until the application has been approved and such location has been found suitable for the business intended, with due consideration to its location in reference to schools, churches, theaters, traffic conditions, width of highway and effect on public travel. In any case in which such approval has been previously granted for any location, the local authority may, in its discretion, waive the requirement of a hearing on a subsequent application. In addition, the local authority may, in its discretion, waive the requirement of a hearing on an application wherein the previously approved location of a place of business is to be enlarged to include adjoining or adjacent property."

approximately sixteen cars at a time and that parking for the public would be situated along the front of the building. Incidental to his business, the plaintiff intended to perform minor repairs on the cars he intended to sell. The board chairman, Gerald Glover, concerned about traffic, said, "I think it's a very congested place to have people possibly slowing down to find or look at used cars." Glover also expressed concern about the size of the property and its ability to support two businesses, the existing restaurant and the proposed used car business. The plaintiff did not present any testimony to rebut the board members' statements regarding the current amount of traffic or the increase in it if the dealership opened, nor did he introduce maps indicating the division of property between the existing business and the one he proposed.

The board unanimously voted to deny the plaintiff's application, concluding that the proposed location was not suitable for use as a used car dealership and that the business would impede the flow of traffic on Bridgeport Avenue. The plaintiff appealed this decision to the Superior Court by writ and complaint. The plaintiff requested that the trial court direct the board to grant his application and award reasonable fees and expenses pursuant to General Statutes § 4-184a (b).

On January 21, 1997, the parties appeared before the trial court, *Mancini, J.*, where testimony and oral argument from counsel were presented. On February 7, 1997, the trial court issued its memorandum of decision wherein it reversed the board and granted the plaintiff a variance for the use requested.[3] The trial court reasoned that, because the proposed use was permitted by

[3] The variance restricted the number of cars allowed on the property to twenty and the business to that of the resale of cars. Furthermore, the trial court required the plaintiff to erect a fence between the restaurant and the used car dealership.

existing zoning laws of the city of Shelton, it was presumed to be suitable. Further, on the basis of a personal inspection of the site, the court concluded that "there is a suitable amount of land necessary to conduct said business with limitations."[4] The board now contests that judgment on appeal.

When determining whether to issue a certificate of approval pursuant to § 14-55, the board must consider if the location is suitable for the proposed business. *New Haven College, Inc.* v. *Zoning Board of Appeals*, 154 Conn. 540, 543, 227 A.2d 427 (1967). The board must consider the following factors when making its decision: the proximity of schools, churches and theaters to the proposed business, as well as traffic conditions, such as the width of the highway and the effect on public travel. Id. The board asserts that when the trial court concluded that the proposed site met the requirements of § 14-55, it ignored the appropriate standard of review; to wit, that the trial court must uphold the board's decision as long as it is supported by the record.

As a preliminary note, the board acts as an agent of the state when it undertakes the consideration of a certificate of approval and, therefore, it is governed by the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. Its actions are appealable to the Superior Court. See *Mason* v. *Board of Zoning Appeals*, 143 Conn. 634, 637, 124 A.2d 920 (1956). The role of the Superior Court is not to substitute its judgment on questions of fact for that of the agency where substantial evidence exists on the record to support the agency's decision. See *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 587–88, 628 A.2d 1286

---

[4] The trial court used the term variance when it set conditions to be met by the plaintiff before a certificate of approval could be granted. A variance was not requested by any of the parties in this case nor was it a subject of discussion at the board hearing or trial court hearing. It was first introduced into the proceedings by the trial court in its decision.

(1993); see General Statutes § 4-183 (j) (5).[5] The board claims that it had ample evidence before it to deny the application for a certificate of approval.

In accordance with the mandates of § 14-55, a certificate of approval cannot be issued until the board finds that the location is suitable for the proposed use. One of the primary considerations of the board must be the effect of the business on traffic. See General Statutes § 14-55. The plaintiff argued on appeal to the Superior Court that the record was void of substantial evidence from which the board could consider the factors required by the statute. We disagree.

An administrative agency can find that substantial evidence exists if "the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) *Connecticut Building Wrecking Co.* v. *Carothers*, 218 Conn. 580, 601, 590 A.2d 447 (1991). The record shows that the members of the board inspected the proposed location, considered the current amount of traffic, the number of businesses in the immediate vicinity of the location and the congestion that could develop as a result of the opening of the proposed business in that location. The board considered the evidence presented by the plaintiff addressing those factors, the knowledge gained by personal observation and the information from proponents and opponents at a public hearing. The board's knowledge acquired through personal observation is proper evidence to be considered. See *Atlantic Refining Co.* v. *Zoning Board*

[5] General Statutes § 4-183 (j) mandates that the trial court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."

*of Appeals*, 150 Conn. 558, 562, 192 A.2d 40 (1963); *Dubiel* v. *Zoning Board of Appeals*, 147 Conn. 517, 522, 162 A.2d 711 (1960).

"When reviewing the trial court's decision, we seek to determine whether it comports with the [UAPA]. *Griffin Hospital* v. *Commission on Hospitals & Health Care*, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986). We look to see if the court reviewing the administrative agency acted unreasonably, illegally, or in abuse of discretion." *Vicino* v. *Zoning Board of Appeals*, 28 Conn. App. 500, 506–507, 611 A.2d 444 (1992).

We conclude that the trial court agreed with the board that the property is on a busy highway and that many businesses are located in the area. The trial court disagreed, however, with the board on the size of the lot. It is not the role of the trial court to substitute its judgment for that of the board. The trial court did not find that the board acted "unreasonably, illegally, or in abuse of discretion"; id.; and, accordingly, should have dismissed the plaintiff's appeal. We conclude that the trial court improperly substituted its judgment for that of the board contrary to § 4-183 (j).

The judgment is reversed and the case is remanded with direction to dismiss the plaintiff's appeal.

In this opinion the other judges concurred.