[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15923
This is an administrative appeal in which the plaintiffs, Frost and Caroline Tilt, appeal from a Trumbull zoning board of appeals decision granting several variances from minimum set back, minimum acreage and frontage requirements, to the defendants, Ian McMillan, Jean Rubinow and Vincenzi, Inc. (property owners).
 I
On May 14, 1997, the defendants filed an application with the zoning board of appeals for a hearing on several variances which would allow them to build a housing structure on a one-quarter acre lot in a zone that requires minimum one-half acre lots for single family homes. (Return of Record [ROR], Item #1.) The board approved the application upon determining "that a practical difficulty existed due to undersized lot having been developed prior to current standards; the applicant is trying to accommodate the topography of the property as well." (ROR Item #4, p. 4.) The board attached two conditions to its approval. First, the town engineer must review the plan for erosion control and grading of slopes. Second, the record owner must file a certified notice of the variances on the town land records.
On June 20, 1997 the board sent to the property owners via certified mail, return receipt requested, notice of the approval and the conditions. (ROR Item #6.) Notice of the approval was published in the Connecticut Post newspaper on June 23, 1997. (ROR Item #7.)
On July 1, 1997, the plaintiff commenced this appeal by leaving a verified true and attested copy of the citation. appeal and recognizance in the hands of the town clerk of the town of Trumbull and the chairman of the Trumbull zoning board of appeals. (Sheriff's Return.) The same documents were left at the usual place of abode of McMillan, Rubinow and at the corporate office of Vincenzi, Inc. (Sheriff's Return.) A trial on this appeal was held on October 13, 2000. CT Page 15924
 II
"The standard of review on appeal from a zoning board's decision to grant or deny a variance is well established. [The court] must determine whether . . . the board's act was not arbitrary, illegal or an abuse of discretion. . . . Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonable and fairly exercised after a full hearing." (Citations omitted; internal quotation marks omitted.)Bloom v. Zoning Board of Appeals, 233 Conn. 198, 205-06, 658 A.2d 559
(1995).
 A
"[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of [an administrative] appeal." Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192,676 A.2d 831 (1996). General Statutes § 8-8 (a)(1) provides in pertinent part: "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
In their appeal to the Superior Court, the plaintiffs allege that they own land that abuts the property that is the subject of the variances. At the trial conducted by the court on October 13, 2000, the plaintiff, Caroline Tilt, testified that she owns property that directly abuts the land that is the subject of the requested variances. The court finds, therefore, that the plaintiffs are statutorily aggrieved.
 B
General Statutes § 8-8 (b) provides in pertinent part: "The appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published. . . ." Subsection (e) provides in pertinent part: "Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality." Subsection (f) provides in pertinent part: "Service of process shall also be made on each person who petitioned the board in the proceeding. . . ."
Notice of the board's approval of the property owners' application for variances was published in the Connecticut Post newspaper of June 23, 1997. (ROR Item #7.)[1] The plaintiffs commenced this appeal on July CT Page 15925 1, 1997. The plaintiffs' appeal, therefore, is timely.
According to the sheriff's return, a true and attested copy of the citation, appeal and recognizance was left in-hand with the chairman of the zoning board of appeals and the Trumbull town clerk. Therefore, service of process upon the board was proper. The sheriff also left a true and attested copy of the process at the usual place of abode of each of the applicants. Therefore, service of process upon the applicants was also proper.
 III
"In order to determine whether the board properly granted the subject variance, [the court] must first consider whether the board have reasons for its action. . . . Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations. . . . The [decision] must be sustained if even one of the stated reasons is sufficient to support it. . . . [This] applied where the agency has rendered a formal, official, collective statement of the reasons for its action." (Citations omitted; internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra, 233 Conn. 208. "An administrative agency can find that substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Ferreira v. Zoning Board of Appeals, 48 Conn. App. 599, 604,712 A.2d 423 (1998).
The plaintiff's appeal the decision of the zoning board of appeals on the following grounds. First, that the property owners failed to demonstrate, at the hearing, that there was a legal hardship or exceptional difficulty to justify the granting of the variance. Second, that the variance allows a second housing structure to be placed on a single lot in violation of the Trumbull zoning regulations. Finally, the plaintiff's appeal on the ground that the hardship alleged by the property owners was self-created.
The only issue contested in this matter is hardship.[2] The plaintiffs argue that the board acted arbitrarily and in abuse of their discretion in granting the variances because there was no evidence of a unique hardship. In response, the property owners argue that hardship exists because the land in the neighborhood was split into one-quarter acre lots in 1917, before Trumbull imposed the zoning regulations requiring a minimum lot area of one-half acre to build a single family residence. Therefore, the property owners argue, the hardship was created CT Page 15926 by the zoning regulations. In reply, the plaintiffs argue that any hardship was self-created because the property owners hold title to an adjacent lot on which single family residence stands, and the two lots were merged into one. The property owners argue that merger is a question of intent of the owners, and, therefore, because the plaintiffs failed to put forth any evidence of the property owners' intent, the plaintiffs failed to prove that the two lots merged.
Courts "have interpreted General Statutes . . . § 8-6 . . . to authorize a zoning board of appeals to grant a variance only when two basic requirements are satisfied: (1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." (Internal quotation marks omitted.) Bloom v. Zoning Boardof Appeals, supra, 233 Conn. 207.
The record indicates that at the public hearing there was extensive discussion regarding the plaintiffs' concerns about the steep slope of the subject property and a potential for erosion. (ROR, Item #3, pp. 2-13.) Caroline Tilt testified that the hill located at the back of the subject property was steep, and that she was concerned about erosion. Also in attendance at the hearing were the applicants, Rubinow, McMillan and William Vincenzi of Vencenzi, Inc. McMillan, Rubinow, Vencenzi, and the land surveyor, Mike Buturla, testified at the public hearing regarding the plaintiffs' concerns about the slope to the back of the lot. Each testified that the back slope was not going to be disturbed in any way. (ROR Item #3, pp. 6, 8, 11-13.) Vincenzi and McMillan testified that most of lots in the neighborhood contained steep slopes. McMillan testified that the preliminary plans for the new house are in keeping with the neighborhood, and that the proposed house would not be any closer to the street than the surrounding houses. (Id., p. 1) Thus, there is sufficient evidence on the record to support the board's implicit finding that the variances would not affect substantially the comprehensive plan.
Conversely, very little testimony was given regarding hardship. McMillan testified that the neighborhood plan dates back to 1917 and that all the lots in the neighborhood are basically one-quarter acre. (Id., p. 1.) The property owners submitted no further evidence of hardship at the public hearing. The record indicates, however, that the application provides: "This is an existing lot from a 1917 subdivision, with lots in back and at side of similar size; if no variance, could not use lot for purposed for which it is already subdivided and zoned." (ROR, Item #1, p. 2.) With regard to the second requirement of a showing of unusual hardship, the board stated only that there was a practical difficulty due to the undersized lot. This finding, however, fails to comply with CT Page 15927 Trumbull's zoning regulations, which provide that the zoning board of appeals has the authority to grant variances only "where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of these regulations would result in exceptional difficulty or unusual hardship, so that substantial justice will be done. . . ." (ROR, Item #9; Trumbull Zoning Regulations, Article VI, § 1(B).) The record reveals that all of the lots in that area are undersized. (ROR, Item #3, p. 1.) Therefore, the record does not reveal how the board could have found that there existed a hardship unique to the subject property, as required by the zoning regulations. See Bloom v. Zoning Board of Appeals, supra,233 Conn. 207. (stating that "an applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone." [Internal quotation marks omitted.]). Accordingly, the plaintiffs' appeal is sustained
FORD, J.