[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, West Broad Street Company (West Broad), appeals from the decision of the defendant, the zoning board of appeals of the city of Stamford (board), granting an application by the defendant, Riverbank Motors Corporation (Riverbank), for a certificate of location approval for a new car dealership. West Broad is the owner of the property located at 42 West Broad Street in Stamford, Connecticut, which it leases to Riverbank, a car dealership. (Return of Record [ROR], Item 6, pp. 6-7.) Riverbank also operates its dealership on 52 West Broad Street, a parcel which it owns, and on 67 Sculler Avenue, a parcel owned by the defendant, Janet Rug (Rug). Riverbank's parcel, located on 52 West Broad CT Page 2608 Street, abuts West Broad's parcel on 42 West Broad Street. (ROR, Item 1, p. 4.) Additionally. West Broad's parcel also abuts the parcel on 67 Sculler Avenue. Id. All three parcels are contiguous. Id.
West Broad alleges that the parcel located at 52 West Broad Street, which is owned by Riverbank, was located in a commercial zone (C-G) until 1985 when it was changed to a neighborhood commercial (C-N) zone. (10/4/99 Appeal, pp. 1-3.) It also alleges that the parcel located at 67 Sculler Avenue, which is owned by Rug, originally lay partially in the C-G zone and partially in the multiple family residence district (R-ME) until 1985 when the C-G zone was changed to a C-N designation. Id.
Thus, West Broad alleges that 52 West Broad Street is currently situated in the C-N zone, while 67 Sculler Avenue is located partially in the C-N zone and partially in the R-MF zone. Id. It further alleges that the parcel at 42 West Broad Street is zoned C-N as well. Id. It also alleges that although the sale of automobiles is permitted in the C-G zone, it is not permitted in C-N or R-MF zones. Id.
West Broad alleges that Riverbank has operated its car dealership on all three parcels for approximately thirty-five years, yet it never obtained a certificate of location approval for a new car dealership at 52 West Broad Street or at 67 Sculler Avenue. Id. It further alleges that Riverbank did obtain a certificate to operate a used car dealership on 52 West Broad Street in 1959. Id. West Broad alleges that Riverbank does have a location approval to operate a car dealership on the parcel located at 42 West Broad Street. Id.
On July 12, 1999, Riverbank and Rug applied to the board for a certificate of location approval for a new car dealership at 52 West Broad Street and 67 Sculler Avenue. (ROR, Item 1, pp. 1-3.) The board held a public hearing on the application on August 11, 1999, and approved the application at its September 8, 1999 meeting. (ROR, Item 7, p. 43.) West Broad commenced this appeal by service of process on October 10, 1999. (Sheriff's return.)
The board, when considering an application for a certificate of location approval, acts as an agent of the state pursuant to General Statutes § 14-54. See Ferreira v. Zoning Board of Appeals,48 Conn. App. 599, 603, 712 A.2d 423 (1998), cert. denied, 251 Conn. 916,740 A.2d 866 (1999). Accordingly, the appeal is governed by the Uniform Administrative Procedure Act (APA), General Statutes § 4-166 et seq. See Ferreira v. Zoning Board of Appeals, supra, 48 Conn. App. 603, see also Tucker v. Bloomfield Zoning Board of Appeals, 151 Conn. 510, 514,199 A.2d 685 (1964). CT Page 2609
"[Pleading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal."Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697. 702-03. 556 A.2d 602 (1989). "Pleading and proof of aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal . . . . In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction." New England Cable Television Assn., Inc. v. DUC,247 Conn. 95, 103, 717 A.2d 1276 (1998).
In the present case, West Broad alleges that it is "statutorily aggrieved" pursuant to General Statutes § 8-8 because it owns land which abuts the property that is the subject of the application. (10/4/99 Appeal, ¶ 10.) Although pleading and proof of this allegation would be sufficient to invoke statutory aggrievement pursuant to General Statutes § 8-8(a), this statute is not applicable to appeals governed by the APA. See Fanning v. New Haven Zoning Board of Appeals, Superior Court, judicial district of New Haven, Docket No. 327501 (March 7, 1994,Flanagan, J.), see also Hendel's Investors Co. v. Montville Zoning Boardof Appeals, Superior Court, judicial district of New Haven, Docket No. 543418 (March 24, 1999, Parker, J.).
General Statutes § 4-183(a) provides, in part, "[a] person who is aggrieved by a final decision may appeal to the Superior Court as provided in this section." "The fundamental test for determining [classical] aggrievement encompasses a well-settled determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by [the challenged action]." (Brackets in original; Internal quotation marks omitted.) Nizzardo v. State Traffic Commission, 55 Conn. App. 679, 686,739 A.2d 744 (1999), cert granted on other grounds, 252 Conn. 943, ___ A.2d ___ (2000). West Broad has not pleaded that it has a "specific, personal and legal interest." The court found aggrievement at the trial of this appeal. There is authority for the proposition that, despite alleging aggrievement pursuant to § 8-8, if the court finds "that the (plaintiff's) interests in the abutting property could be adversely affected by the [b]oard's decision because of the nature of the . . . business and its proximity to the plaintiff's property" then the court may find aggrievement. Fanning v. Montville Board of Appeals, supra, Superior Court, Docket No. 327501.[1]
The record reveals that during the public hearing on the application CT Page 2610 the attorney representing West Broad stated that "as a property owner we have a right to protect the zone that we have." (ROR. Item 6, p. 38.) The attorney voiced concern regarding potential devaluations of properties in the area as the result of what the plaintiff considered to be a flagrant zoning violation by Riverbank in operating its dealership on all three properties. (ROR, Item 6, pp. 45-46.) The court finds that the above represents a "specific, personal and legal interest" that has been injuriously affected by the challenged legal action, and finds aggrievement.
General Statutes § 14-55 states, in part, that "[n]otice of the decision shall be published in a newspaper having a general circulation in such town, city or borough and sent by certified mail to the applicant within fifteen days after the decision has been rendered." A party bringing an appeal then has forty-five days after the mailing of the final decision to serve a copy of the appeal on the agency rendering the decision, file the appeal with the court, and serve a copy on each party listed in the final decision. See General Statutes § 4-183(c).
Although there is no evidence in the record that the board mailed its decision to the applicant, the record contains a "City of Stamford Legal Notice" with the following notation in the upper right corner: "To be printed: September 23, 1999"; (ROR, Item 9.); and West Broad alleges that the legal notice was published in a Stamford newspaper on September 23, 1999. (10/4/99 Appeal, ¶ 9.) On October 8, 1999, this appeal was commenced by service of process upon assistant city clerk Virginia Rappa, chairman of the zoning board of appeals, John Sedlak, and Janet Rug. (Sheriff's return.) West Broad filed the appeal with the clerk of the Superior Court on October 20, 1999. Consequently, West Broad timely filed its appeal within forty-five days of the board's decision and the court finds that this appeal was commenced in a timely fashion by service of process upon the proper parties.
"When considering the plaintiffs' application for approval of a certificate of location for its motor vehicle repair facility, the zoning board of appeals act[s] as a special agent of the state. . . . When receiving, hearing and eventually deciding whether to grant the application, the zoning board of appeals does not act pursuant to either the municipal zoning ordinance or the zoning statutes." Vicino v. ZoningBoard of Appeals, 28 Conn. App. 500, 504-05, 611 A.2d 444 (1992).
"When determining whether to issue a certificate for location approval pursuant to § 14-55, the board must consider if the location is suitable for the proposed business. The board must consider the following factors when making its decision: the proximity of schools, churches, and theaters to the proposed business, as well as traffic conditions, such as CT Page 2611 the width of the highway and the effect on public travel." Ferreira v.Zoning Board of Appeals, supra, 48 Conn. App. 603, citing New HavenCollege, Inc. v. Zoning Board of Appeals, 154 Conn. 540, 543-44,227 A.2d 427 (1967).
"[T]he board acts as an agent of the state when it undertakes the consideration of a certificate of approval, and, therefore, it is governed by the Uniform Administrative Procedure Act (APA). . . . Its actions are appealable to the Superior Court." Ferreira v. Zoning Boardof Appeals, supra, 48 Conn. App. 603. See Mason v. Zoning Board ofAppeals, 143 Conn. 634, 637, 124 A.2d 920 (1956). "Because the zoning board of appeals acts as a special agent of the state in issuing certificates of approval, the trial court's scope of review of the zoning board of appeals' decision is governed by the Uniform Administrative Procedures Act, General Statutes § 4-183(j)(5)." Vicino v. ZoningBoard of Appeals, supra, 28 Conn. App. 505.
"The role of the Superior Court is not to substitute its own judgment on questions of fact for that of the agency where substantial evidence exists on the record to support the agency's decision." Ferreira v.Zoning Board of Appeals, supra, 48 Conn. App. 603, citing Samperi v.Inland Wetlands Agency, 226 Conn. 579, 587, 628 A.2d 1286 (1993). Administrative agencies may find that substantial evidence exists if "the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580,601, 590 A.2d 447 (1991). Substantial evidence "must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."Lawrence v. Kozlowski, 171 Conn. 705, 713, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed. 1066 (1977); Tanner v.Conservation Commission, 15 Conn. App. 336, 339, 544 A.2d 258 (1988).
"Conclusions of law reached by the administrative agency must stand if . . . they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion. . . ." O'Connell v. Freedom of InformationCommission, 54 Conn. App. 373, 377, 735 A.2d 373 (1999). The trial court may not substitute its own judgment for that of commission. Id.
As previously set forth, the board ultimately approved West Broad's application for certificate of location approval.
West Broad argues that in granting the application the board acted CT Page 2612 illegally, arbitrarily, and in abuse of its discretion in that the location is not suitable for the use considering the factors contained in General Statutes § 14-55, that the board could not grant the application because a new car dealership is not a permitted use under the zoning regulations for the land involved in the application, and that the board failed to assign a proper reason for approval.
West Broad contends that the board could not grant location approval because a new car dealership is not a permitted use under the zoning regulations. West Broad maintains that under the variance, the area zoned R-MF could only be used for temporary customer parking and that because the property is located in the R-MF zone, it could not be used for a car dealership as any such usage would be an illegal use and not a nonconforming use. West Broad notes that as of July 1999, the date of the current application, the new and used car dealership at 42 West Broad Street was a nonconforming use, the use of 52 West Broad Street to sell used cars similarly became nonconforming in 1985, but that the sale of new cars there is now illegal, and that the sale of new or used cars at 67 Sculler is illegal. It argues that if the use of a particular property is in violation of the zoning regulations, the location cannot be considered suitable under § 14-55, even if the other statutory factors are considered and met. It argues, therefore, that when the board granted the 1964 variance as to 42 West Broad Street, it did not grant location approval for the other two, and that when the board approved the location for a used car dealership at 52 West Broad, it was not approving anything further than that. It further argues that the board, when considering location approval, must consider the statutory factors of § 14-55, but that the board did not discuss the factors at the public hearing when it granted the application. It maintains that there is no substantial evidence that the location complied with the factors of § 14-55 and that because the proposed use of the parcels violated the zoning regulations, the board had no authority to grant the application and abused its discretion. West Broad therefore, concludes that this court must sustain its appeal.
Riverbank argues that the granting of the application was within the discretion of the board in accordance with General Statutes § 14-55. Further, it argues that even if the court determined that the board's approval was not discretionary, the board did, in fact, consider the relevant criteria. Riverbank notes the statutory language of §4-183(j)(5) to the effect that the trial court should affirm the board's decision unless its findings are deemed to be "clearly erroneous in view of . . . substantial evidence on the whole record." (Riverbank's brief, pp. 2-3.) Riverbank argues that West "Broad has not met the clearly erroneous standard. Riverbank maintains that it has been operating a car dealership for over 35 years and that, prior to this application, it had CT Page 2613 obtained a certificate of location approval to operate at 42 West Broad Street and that in the present application, it merely sought approval for its operations on 52 West Broad Street and 67 Sculler Avenue. Riverbank maintains that it operates on all three parcels as a legal nonconforming use in the C-N zone and, partially by variance, in the R-MF zone. Riverbank argues that the board could have summarily granted the application, without a hearing, because Riverbank merely sought to apply its existing location approval to adjacent lots on which it had operated lawfully for 35 years.
Riverbank maintains that in applying for the approval, it merely sought to confirm administratively that which it had been doing since the late 1960's. Riverbank maintains that it operates its car dealership either as a legally nonconforming use, or through a variance, and that it is not in violation of any zoning regulation. Riverbank maintains that West Broad submitted no evidence to the board as to why the property is not suitable under General Statutes § 14-55. Riverbank further argues that unless West Broad can prove the board's decision was clearly erroneous and that substantial evidence was presented to demonstrate that the location was not suitable, the board's decision must be sustained and the appeal dismissed.
General Statutes § 14-55 provides in relevant part: "[T]he local authority may, in its discretion, waive the requirement of a hearing on an application wherein the previously approved location of a place of business is to be enlarged to include adjoining or adjacent property." Because the present appeal involved an expansion of location approval from one property, 42 West Broad Street, to the two subject properties, 52 West Broad Street and 67 Sculler Avenue, which are located adjacent to 42 West Broad Street, the board was not required to hold a hearing, but held one at its discretion.
This court finds that the record establishes that the board adequately considered the pertinent statutory factors and that there was evidence on the record to support the board's decision. Riverbank acquired location approval to operate its dealership on 42 West Broad Street several decades ago; (OR, Item 6, pp. 8-9); and approval to sell used cars on 52 West Broad Street in 1959. (ROR, Item 6, p. 12.) The board considered the impact of the volume of traffic generated by Riverbank's business upon hearing Riverbank's counsel testify that the dealership generates "far less . . . traffic then any a (sic) number of other as-of-right uses." (ROR, Item 6, p. 18-19.) The board considered the general impact of Riverbank's business on the community at large upon hearing Andrew Goldstein, president of Riverbank, testify that "we have a good relationship with the town." (ROR, Item 6, p. 25.) Mr. Goldstein also testified that Riverbank's dealership is "still used for the exact same CT Page 2614 purpose it was designed and approved for to date." Id. The board considered Riverbank's relation to the Mill River current project when Mr. Goldstein testified that the dealership "falls right in" with the project. (ROR, Item 6, p. 28.) West Broad admits that Riverbank obtained location approval to operate its dealership at 42 West Broad Street. (ROR, Item 6, p. 31.) Indeed, West Broad's representative at the hearing, Mr. Gold, admitted that "[i]n no way do we contest the right of Riverbank Motors to use 42 West Broad Street for a new car, used or repair. They got what they had to get by state law. They came to this board to get it." Id. The board was aware that Riverbank received a variance with regard to its dealership but never obtained location approval for the parcels at 52 West Broad Street and 67 Sculler Avenue and did not find this to be problematic. (ROR, Item 6, p. 32.) The board considered and rejected, through its vote in favor of the application, West Broad's argument that granting location approval for the subject properties violates the zoning regulations. (ROR, Item 6, p. 44.) The board took into account the impact the granting of the location approval would have on area land values and found it to be of little or no consequence. (ROR, Item 6, p. 46.) The board was aware that West Broad never complained to the zoning enforcement officer regarding alleged violations by Riverbank. Id. The board further took into account the question of whether location approval can be granted in light of alleged zoning violations on the subject properties and determined that it could be granted. (ROR, Item 6, p. 52.) The board examined the impact of Riverbank's business on a local school. (ROR, Item 6, p. 53.) The board was aware of the non conformities on the properties. (ROR, Item 6, p. 57.) The board examined the impact on schools, churches, theaters, and related institutions. (ROR, Item 6, p. 58.) The board accounted for the impact of the spray booth located on the 67 Sculler Avenue parcel. (ROR, Item 6, p. 59.) The board took into consideration issues pertaining to ingress to and egress from the subject properties, as well as traffic issues. (ROR, Item 6, p. 64.) The board was aware of the issue of the delivery of vehicles to Riverbank. (ROR, Item 6, p. 67.) The board considered whether the granting of location approval would impact in a negative way on the public, traffic, and aesthetics of the neighborhood upon hearing testimony from Riverbank's representative, Mr. Midler, that "[y]ou've heard no members of the public come before and indicate that this dealership constitutes any danger to the public, constitutes any impediment to traffic, constitutes any assault on the sensibilities of the esthetics (sic) of the neighborhood where the business is." (ROR, Item 6, p. 71.) The board demonstrated its consideration and acceptance of this testimony, as well as the other testimony in favor of granting the application, in voting to approve the application by a unanimous vote of 5 to 0. (ROR, Item 7, p. 43.)
For the foregoing reasons, the appeal of the plaintiff, West Broad CT Page 2615 Street Co. is hereby dismissed.
KARAZIN, J.