[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. STATEMENT OF CASE
The plaintiff's appeal a decision by the defendant Zoning Board of Appeals ("ZBA") granting the application of the defendants Geza and Julie M. Scap (the "Scaps") for a certificate of approval of location to use the property at 251 Commerce Street ("the property") in Fairfield, CT as an automobile dealership. The commission granted the certificate of approval pursuant to §§ 14-54 and 14-55. The plaintiffs have appealed pursuant to Connecticut General Statutes § 14-57.
 II. PROCEDURAL HISTORY
On August 13, 1998, the Scaps applied to the Town of Fairfield, Zoning Board of Appeals, for zoning approval of a new and used car dealership to be located at 251 Commerce Street, Fairfield, Connecticut. (Return of Record ("ROR"), Item 4). The proposed site location was zoned as a Designed Industrial District, which permits automobile dealerships subject to a special exception. Because the application pertained to the location and construction of an automobile dealership, approval in this instance was subject to Connecticut General Statutes §§ 14-54 and 14-55
as well as Fairfield Zoning Regulations.
The approval of the proposed automobile dealership was subject to both Connecticut General Statutes §§ 14-54 and 14-55 and Town of Fairfield Zoning Regulations § 21.0 — Regulations for Designed Industrial District and § 27.0 — Special Exception Regulations. A hearing was conducted by the Fairfield Zoning Board of Appeals on September 3, 1998. (ROR, Item 15, 16). Notice of the Zoning Board of Appeals' decision granting the certificate and variance with conditions was published on September 9, 1998 (ROR, Item 6).[1] The plaintiffs brought this appeal on October 15, 1998. The parties have filed extensive briefs with the court. The record was filed March 12, 1999. It was thereafter supplemented and filed on May 21, 1999 and August 11, 1999. Additionally, the plaintiff, through motion filed June 23, 1999, sought permission to present additional evidence pursuant to General Statutes § 4-183 (h). The parties' subsequent stipulation to supplement the record was approved by the court, Cohn, J.[2]
III. JURISDICTION
A. Aggrievement
CT Page 4029
General Statutes § 14-57 provides that "[a]ny person aggrieved by the performance of any act . . . by such local authority . . . may take an appeal therefrom to the superior court . . . in accordance with the provisions of section 4-183. . . ." General Statutes § 4-183 provides in relevant part, "A person who . . . is aggrieved by a final decision may appeal to the Superior Court. . . ." "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board,203 Conn. 317, 321 (1987). In the present case, the Greenawalts and Mohican Valley Concrete Corp., as abutting property owners, are aggrieved because their property rights are directly affected by the ZBA's decision. The defendants in this appeal have not challenged aggrievement. Thus, this court finds that the plaintiffs are aggrieved.
B. Timeliness of Appeal
General Statutes § 4-183 (c) provides in relevant part that "[w]ithin forty-five days after . . . the final decision . . . a person appealing . . . shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court . . . for the judicial district wherein the person appealing resides. . . ." The ZBA held hearings on September 3 and 8, 1998. The notice of decision was published September 9, 1998. (ROR, Item 6). The plaintiffs filed their appeal with the Superior Court of Fairfield County on October 15, 1998, within the forty-five day deadline. The defendants in this case have not raised a jurisdictional defect. Thus, this court finds the appeal to be timely.
 IV. STANDARD OF REVIEW
"The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised. . . . The court's review is based on the record, which includes the knowledge of the board members gained through personal observation of the site . . . or through their personal knowledge of the area involved." (Internal quotation marks omitted.) Raczkowski v. ZoningCommission, 53 Conn. App. 636, 639, cert. denied, 250 Conn. 921, (1999). "On appeal, a reviewing court reviews the record of the administrative proceedings to determine whether the commission . . . has acted fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152
(1988). "Review of zoning commission decisions by the Superior Court is CT Page 4030 limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably." (Internal quotation marks omitted.)Raczkowski v. Zoning Commission, supra, 53 Conn. App. 639.
"[I]t is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." (Internal quotation marks omitted.)Protect Hamden/North Haven from Excessive Traffic Pollution Inc. v.Planning Zoning Commission, 220 Conn. 527, 542-43 (1991).
"[W]here a zoning commission has formally stated the reasons for its decision the court should not go behind that official collective statement . . . [and] attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision." DeMariav. Planning Zoning Commission, 159 Conn. 534, 541 (1970). "In situations in which the zoning commission . . . [states] the reasons for its action, the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations. . . . The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." (Citations omitted; internal quotation marks omitted). Irwin v. Planning Zoning Commission, supra,244 Conn. 629. "The plaintiffs bear the burden of proving that the commission acted unreasonably, arbitrarily or illegally." Michel v.Planning Zoning Commission, 28 Conn. App. 314, 323 cert. denied223 Conn. 923 (1992).
Further, "[j]udicial review of [an administrative agency's] action is governed by the [UAPA] . . . and the scope of that review is very restricted. . . . With regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." (Internal quotation marks and citation omitted.) Cadlerock Properties Joint Venture, L.P. v.Commissioner of Environmental Protection, 253 Conn. 661, 668 (2000).
 "Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. Ordinarily this court affords deference to the construction of a statute applied by an administrative agency empowered by law to carry out CT Page 4031 the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion . . .
(Internal quotations and citations omitted.) Bezzini v. Dept. of SocialServices, 49 Conn. App. 432, 436 (1998).
 "[Where] the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. . . ."
(Citations omitted.) United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385-386 (1998).
 V. DISCUSSION Plaintiffs' Claims of Error
The plaintiffs, in their October 15, 1998 petition for appeal, raised four claims of administrative error: (1) The application seeking a certificate of approval of location pursuant to General Statutes §14-54 and the notice of public hearing required pursuant to General Statutes § 14-55 were defective in that they lacked specificity necessary to inform the public of the nature of the matter before the Board. (Complaint ¶¶ 9-16). (2) The record of the Zoning Board of Appeals is "[i]n contravention of Conn. Gen. Stat. § 4-177 (d) . . . incomplete and defective." (Complaint ¶¶ 18, 19). (3) The ZBA in its decision granting the certificate of approval of location pursuant to General Statutes § 14-54 neglected to specify the reasons for its decision as required by General Statutes § 14-55. (Complaint ¶¶ 22-26). (4) The record does not contain substantial evidence to sustain the ZBA's granting of the certificate of approval of location. (Complaint ¶¶ 27-30).
CT Page 4032
1. The Claim that the application seeking a certificate of approval of location and the notice of public hearing were defective in that they lacked specificity necessary to inform the public of the nature of the matter before the Board
The plaintiff's challenge the content of the pre-hearing notice alleging that it was inaccurate and misleading. They contend that as a result of this illegal notice the ZBA lacked subject matter jurisdiction over the application. The defendants respond by arguing that the pre-hearing notice when viewed in its entirety was not misleading and contained all of the relevant information.
General Statutes § 14-55 provides in part that "[n]otice of the time and place of such hearing shall be published in a newspaper having a general circulation in such town . . . at least twice, at intervals of not less than two days, the first not more than fifteen, nor less than ten days, and the last not less than two days before the date of such hearing. . . ."
The notice that was published by the ZBA stated:
 ZONING BOARD OF APPEALS NOTICE OF PUBLIC HEARING SEPTEMBER 3, 1998
The Zoning Board of Appeals, under the Zoning Regulations of the Town of Fairfield will hear the following appeals in Meeting Room 1, Independence Hall, 725 Old Post Road, September 3, 1998 at 3:00 p.m. Executive Session follows public hearing.
 * * *
98-9-137
14. 251 Commerce Drive. Map 80 Parcel 19. Petition of Geza Scap and Julie Scap for an approval of new and used car location in accordance with Sections 21.3.1 and 27.4.8 of the Zoning Regulations. Permission to establish new automobile dealership.
Premises: Designed Industrial District
(Supplemental Return of Record [SROR], Item 1)
The plaintiffs take issue with the reference in the notice to "sections CT Page 4033 21.3.1 and 27.4.8 of the Zoning Regulation" and the notice's failure to reference specifically General Statutes § 14-55. They argue that this is misleading because the ZBA was acting pursuant to General Statutes § 14-55.
 "Zoning commissions are required to provide adequate published notice of a public hearing to be held on an application or request for a special permit or special exception. . . . Specifically, this court has held that the purpose behind the notice requirement . . . is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing. . . . There is no requirement that the published notice describe the proposed action in detail or with exactitude. . . . Compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect. . . . Without proper public notice, zoning authority actions are null and void. . . . A defect in the content of the notice cannot be cured by proof that some members of the public received actual notice, or appeared at the hearing. . . . The burden of proving that the notice was defective rests on the persons asserting its insufficiency."
(Internal citations and quotations marks omitted.) Nazarko v. ZoningComn2ission, 50 Conn. App. 517, 519-520 (1998).
"The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought." (Internal citations and quotation marks omitted.)Concerned Citizens of Sterling, Inc., et al v. Connecticut SitingCouncil, et al, 215 Conn. 474, 485 (1990).
In the present matter the notice informs the public of the date, time and place of the hearing concerning the property located at "251 Commerce Drive, Map 80 Parcel 19." (SROR, Item 1.) The notice further identified the petitioners' names, "Geza Scap and Julie Scap." The specific activity proposed to be established at the location is stated as "for an approval of new and used car location. . . . Permission to establish new automobile dealership." (SROR, Item 1.)
The ZBA application to which an interested party could refer contained CT Page 4034 additional and more detailed information concerning the specific activity proposed to be established at the specific location. (ROR, Item 4). This included architectural plans submitted with the application. Although the application does reference zoning regulations it also indicates that "[a]n application for approval of location as required by the Regulations has simultaneously been filed with the Zoning Board of Appeals." (ROR, Item 4.)
Based upon the contents of this notice the court finds that the plaintiffs have not sustained their burden of proving that the notice was defective. The mere fact that General Statutes § 14-55 is not referenced in the notice does not render the notice misleading. "Although the notice may not be misleading, it need not be exact. . . ." R.B. Kent Son, Inc. v. Planning Commission, 21 Conn. App. 370, 378 (1990). A reference to General Statutes § 14-55 would not have added any significant substantive material not already included in the notice as published.
The notice is sufficiently detailed to inform the public of the date, time and place of a ZBA hearing in which the proposed action is the approval of an automobile dealership at 251 Commerce Drive, further identified as Map 80 Parcel 19. This information is detailed enough "to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." Nazarko v. Zoning Commission, supra,50 Conn. App. 519-520. Accordingly, the court finds for the defendant on this claim.
2. The claim that the Record of the ZBA is incomplete and defective
The parties in their briefs have incorporated this claim of error into the discussions of the other issues presented. This court has chosen to address the issue in a similar manner.
3. The Claim that the ZBA failed to state its reasons for granting the Application
The plaintiff contends that the ZBA failed to state its reasons for granting the application as mandated by General Statutes § 14-55. Connecticut General Statutes § 14-54 provides that "[a]ny person who desires to obtain a license for dealing in or repairing motor vehicles shall first obtain and present to the commissioner a certificate of approval of the location for which such license is desired . . . from the board of appeals." General Statutes § 14-55 provides in relevant part that "[t]he reasons for granting or denying such application shall be stated by the board." It further provides that "[n]o such certificate CT Page 4035 shall be issued until the application has been approved and such location has been found suitable for the business intended, with due consideration to its location in reference to schools, churches, theaters, traffic conditions, width of highway and effect on public travel." Id.
"The procedure for obtaining a license for dealing in or repairing motor vehicles, as spelled out in General Statutes § 14-56, is a two step process. Any person who seeks a license must first secure a certificate of approval of the proposed location from the appropriate authority and then submit the certificate to the motor vehicle commissioner." DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,375 (1991).
Further, "[w]hen determining whether to issue a certificate of approval pursuant to § 14-55, the board must consider if the location is suitable for the proposed business. The board must consider the following factors when making its decision: the proximity of schools, churches and theaters to the proposed business, as well as traffic conditions, such as the width of the highway and the effect on public travel." (Internal citations omitted.) Ferreira v. Zoning Board of Appeals, 48 Conn. App. 599,603 (1998). In addition, "the board acts as an agent of the state when it undertakes the consideration of a certificate of approval and, therefore, it is governed by the Uniform Administrative Procedure Act." Id.
To analyze this issue, the court must apply established rules of statutory construction. "In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature. . . . [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . When the language of a statute is unclear, we may ascertain the intent of the legislature by looking beyond the language to the statute's legislative history and the purpose that the statute was intended to serve." (Citations omitted; internal quotation marks omitted.) Weinberg v. ARA Vending Co., 223 Conn. 336,340-41 (1992). Additionally, "[i]f the words of a statute are clear . . . courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended, but what intention it expressed by the words that it used. . . . In the absence of ambiguity, statutory language should be given its plain and ordinary meaning." Collins v. Goldberg,28 Conn. App. 733, 737 (1992). The "fundamental objective is to ascertain and give effect to the apparent intent of the legislature."State v. Burns, 236 Conn. 18, 22 (1996). In the context of the statutory time periods for conducting a hearing and rendering a decision under General Statutes § 14-55, the CT Page 4036 Connecticut Appellate Court has recognized that "[t]he words of the statute clearly indicate that the stated time period is mandatory."Pellitteri Chevrolet, Inc. v. Zoning Board of Appeals, 21 Conn. App. 347,349 (1990). Likewise, the words of the statute clearly and unambiguously indicate that "[t]he reasons for granting or denying such application shall be stated by the board." General Statutes § 14-55.
The courts in Kowalkowski, et al. v. Danbury Zoning Board of Appeals,et al, Superior Court, Judicial District of Danbury, Docket Nos. 324570/324571 (April 10, 1997, Moraghan, J.) and Auto Placement Centerv. East Haven ZBA, Superior Court, Judicial District of Hartford, Docket No. 567159 (March 6, 1997, McWeeny, J.) recognized the statutory mandate imposed upon the board to articulate its reasons for granting or denying an application for a certificate of approval of location. As has been previously noted, the court's role in determining issues of law is to determine "whether the administrative action resulted from an incorrect application of the law to the facts . . . United Parcel Service, Inc. v.Administrator, supra, 209 Conn. 385-86. In its decision, the ZBA neglected to articulate its reasons for granting the application as is required by General Statutes § 14-55. (ROR, Item 6, SROR, Item 3). Accordingly, the appeal is sustained with respect to this particular issue.
4. The claim that the record does not contain substantial evidence to sustain the ZBA's granting of the certificate of approval of location
 A. The claim that the proposed new car dealership does not comply with Fairfield's Zoning Regulations concerning outside storage of merchandise and bars the granting of a certificate of approval of location.
The plaintiffs argue in connection with their lack of sufficiency of evidence claim that the proposed automobile dealership does not conform to the requirements of the Fairfield Zoning Regulations. Specifically, they take the position that the outside storage of automobiles will exceed ten percent of the proposed site in violation of § 21.4 of the zoning regulations. (ROR, Item 15, 16). The defendants have responded in part by indicating that the proposed use would be in full compliance with the zoning regulations.[3]
General Statutes § 14-55 provides in part "[n]o such certificate shall be issued until the application has been approved and such locationhas been found suitable for the business intended, with due consideration to its location in reference to schools, churches, theaters, traffic conditions, width of highway and effect on public travel." (Emphasis CT Page 4037 added.) A certificate of approval of location cannot be properly issued if the proposed use violates zoning regulations because the location is not suitable for the business intended. Raymond v. Zoning Board ofAppeals, 164 Conn. 85, 89 (1972); Clark Heating Oils, Inc. v. Zoning Boardof Appeals, 159 Conn. 234, 241 (1970).
The proposed use of the property is an automobile dealership. The parties have agreed through stipulation that the proposed dealership would result in an inventory of motor vehicles on areas of the property which would exceed ten percent of the total area of the site. The record indicates that the property was formerly used as a commercial truck depot. The property has been designated under § 21.0 of the Fairfield Zoning Regulations as a "Designed Industrial District". A permitted use "subject b securing a special exception" under this designation includes "automobile repair facilities . . . [and] establishments for the sale of new or used automobiles or the rental thereof" Fairfield Zoning Regulations § 21.3.1.
The plaintiffs contend that § 21.4 entitled "Outside Storage and Display" limited the storage and display of automobiles to an area not to exceed ten percent of the total lot size. This subsection of the regulations provides in relevant part "[t]he outside storage or display of merchandise . . . shall be limited to an aggregate area not to exceed ten (10) percent of the area of the lot." Fairfield Zoning Regulations § 21.4.
The defendants argue that the plaintiffs' position ignores additional and more specific provisions of the regulations pertaining to special exceptions. Section 27.0 entitled "Special Exception Regulations" provides in part that "[a]ll requirements of this section are in addition to all other requirements applicable to the district in which the Special Exception use is located." Fairfield Zoning Regulations § 27.1. Section 27.4 entitled "Conditions for Approval" provides in part in subsection 27.4.8 that "with respect to . . . automobile repair facilities, including . . . establishments for the sale or rental of new and used automobiles, also the following; . . . 27.4.8.2 outside storage and display of vehicles shall conform to the setback requirements of (1) Designed Business Districts in the case of . . . automobile repair facilities . . . and (2) Center Designed Business District in the case of establishments for motor vehicle washing, and for the sale or rental of new and used automobiles." Thus, the defendants contend that the outside storage of automobiles at the location in question is not limited by the general provision limiting outside storage to ten percent of the area, but rather is regulated by the setback requirements of a Center Designed Business District. This would result in a larger outside storage area for a dealership's automobile inventory. CT Page 4038
An appropriate analysis of the regulations and the parties' positions requires the application of firmly established principles of law. "The terms "special permit' and "special exception' have the same legal import and can be used interchangeably." A.P.W. Holding Corp. v. Planning Zoning Board, 167 Conn. 182, 185 (1974). "A special [exception] allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values." (Internal quotations marks omitted.) Raczkowski v.Zoning Commission, 53 Conn. App. 636, 639, cert. denied, 250 Conn. 921
(1999); Housatonic Terminal Corp. v. Planning Zoning Board,168 Conn. 304, 307 (1975).
"When ruling upon an application for a special [exception], a planning and zoning board acts in an administrative capacity." (Internal quotation marks omitted.) Irwin v. Planning Zoning Commission, supra,244 Conn. 627. "Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied. . . . Moreover, [i]t is well settled that in granting a special [exception], an applicant must satisf[y] all conditions imposed by the regulations. . . . The zoning commission has no discretion to deny the special exception if the regulations and statutes are satisfied." (Brackets in original; citation omitted; internal quotation marks omitted.) Raczkowski v. Zoning Commission, supra, 53 Conn. App. 639-40; see also Housatonic Terminal Corp. v. Planning Zoning Board, supra,168 Conn. 307.
The court when called upon to ascertain the meaning of a zoning regulation must "[w]henever possible . . . [construe it] so that no clause is deemed superfluous, void or insignificant. The regulations must be interpreted so as to reconcile their provisions and make them operative so far as possible. When more than one construction is possible, we adopt the one that renders the enactment effective and workable and reject any that might lead to unreasonable or bizarre results." (Internal citations omitted.) Planning Zoning Commission v.Gilbert, 208 Conn. 696, 705-706 (1988). Zoning regulations "must be interpreted in accordance with the ordinary rule of statutory construction that, where the language of the statute is clear and unambiguous, courts cannot by construction read into the statutes provisions which are not clearly stated. In addition, words employed in zoning ordinances are to be interpreted in accord with their natural and usual meaning." (Internal citations omitted.) Schwartz v. PlanningCT Page 4039 Zoning Commission, 208 Conn. 146, 153 (1988).
In applying these rules of construction to the regulations the court finds that the defendant's interpretation of the zoning regulations is correct. The view that the special exception provisions of § 27.4.8.2 pertaining to the outside storage and display of vehicles governs under the circumstances presented is an appropriate interpretation of the entire zoning regulatory scheme. Accordingly, the court finds for the defendants on this issue.
B. Remaining issues pertaining to the sufficiency of the Evidence
In view of the fact that the ZBA failed to articulate its reasons for granting the application, this court is unable to determine whether there was sufficient evidence to support the granting of the certificate of approval. Accordingly, the court is unable to address the remaining issues raised under this claim of administrative error.
 VI. CONCLUSION
The court finds that substantial rights of the plaintiffs have been prejudiced because the final decision of the agency does not comply with the law. The appeal is sustained, judgment is rendered in favor of the plaintiffs. Pursuant to General Statutes § 4-1830) the matter is remanded to the agency for further proceedings consistent with this opinion.
BY THE COURT
PETER EMMETT WEISE, JUDGE